## MARINER vs. PETTIBONE.

Where the plaintiff and defendant are witnesses each in his own behalf, under the statute, and their testimony is conflicting, the jury are to determine the credibility of their testimony; and it is error for the court, in such a case, to instruct the jury, as a matter of law, that the testimony of one party is equal to that of the other, and that upon such conflicting testimony of the parties, there being no other evidence in the case, no fact can be found by them.

APPEAL from the Circuit Court for *Milwaukee* County.

This appeal was taken by the plaintiff from a judgment for the defendant. The case is stated by the court.

*E. Mariner,* for appellant.

*J. E. Arnold,* for respondent.

*By the Court,* COLE, J. In this case both parties were November 2. examined as witnesses.

The court was requested to instruct the jury that when the testimony of the plaintiff and defendant conflicted, they were to be governed, in determining the weight to be given to the testimony of the interested parties, by the same rules by which they determined the weight to be given to the conflicting evidence of disinterested witnesses.

This instruction the court refused to give, but charged the jury that when the testimony of the plaintiff and defendant was contradictory, the usual rules for determining the weight to be given the testimony of conflicting witnesses did not

apply, but the testimony of the one was entitled to equal weight with the testimony of the other ; and that when they conflicted and there was no other testimony in the case, the jury upon such testimony could not find any fact.

Under our statute (sections 50, 51 et seq., chap 137), parties to the suit are no longer disqualified on the ground of interest, but are permitted to testify generally in the cause like other witnesses, except in certain specified cases. The policy of the statute, therefore, is to allow the parties to testify—to state what they know about any particular fact or matter which · may come under judicial investigation, and thus aid a court and jury in arriving at the truth. Formerly they were not admissible, and the rule of excluding them was founded, it was said, " on the known infirmities of human nature, which was deemed too weak to be generally restrained by religious or moral obligations, when tempted and solicited in a contrary direction by temporal interests." Starkie on Evidence, chap. 2. In permitting the parties now to testify in their own behalf, the law does not ignore the influence of interested and selfish motives on the human mind, or go upon the ground that mankind are not, as ever, exposed to the seductions of pecuniary considerations. It is expected that a court and jury, in considering such evidence, will not overlook the fact that it is given by an interested party, and that in forming a judgment as to what weight should be given to it, they will resort to the same rules which would be applied to test the truth and credibility of any other species of evidence. All experience proves that there are many persons whom no selfish motive could seduce from the path of duty, and who would declare the truth let the personal consequences be to them what they might; while others, again, with a duller moral sensibility, would suppress the truth in whole or in part, or give a false impression in preference to a true one, from the most trifling and unworthy considerations. Now we can perceive no reason why these ordinary principles of human conduct should be overlooked and disregarded when we come to judge of the credibility of an interested witness. It seems to us little less than an absurdity to say that where one party gives an intelligent, can-

did, consistent and probable account of a transaction, one which corresponds with our experience and observation and with the general course of events and of human affairs, his testimony is to be counterbalanced and destroyed by a contradictory statement which is confused, inconsistent, improbable and irrational. The law cannot be charged with any such striking and gross inconsistency; and yet this must be the result if the instruction of the circuit court is sound. It matters not how well established might be a party's character for truth and veracity, or how clear and satisfactory to the minds of the jury might be his testimony and his manner of giving it, or how superior his opportunities of knowing the precise truth of the matter, still if the opposing party should be wicked or reckless enough to contradict him upon all points, the evidence must go for naught. We suppose that when parties are examined in a cause, the same rules should be resorted to for the purpose of testing the credibility and effect of their testimony, as are applied to other species of evidence. We can see no ground in principle or reason for any distinction between that and other oral testimony, and we do not think any exists. It is the peculiar province of the jury to weigh this like the other testimony in the case, and to declare by their verdict what facts are satisfactorily established by it.

It follows from this that the instruction of the circuit court is erroneous, and that there must be a new trial. Judgment of the circuit court reversed, and a new trial ordered.