WINCHESTER D. SCOTT, PLAINTIFF IN ERROR, V. EMMA TWISS, AND GEORGE FAULKNER, SHERIFF, DEFENDANTS IN ERROR.

1. **Covenant**: INCUMBRANCES.  A petition alleged that a guardian, from whom plaintiff's grantor derived title, "procured the sale of the premises by order of the proper court, as it is said, but as it now appears there is no record of any of the proceedings of such guardian sale, as required by law, and so far as the proper records show nothing appears properly and according to law."  *Held*, on demurrer, insufficient as an allegation showing a breach of covenant against incumbrances.

2. ———: SEIZIN.  If a grantor, at the time of conveyance, is in exclusive possession under claim of title, the covenant of seizin is not broken, until the purchaser or those claiming under him are evicted by title paramount.

ERROR to the district court of Richardson county.

The opinion states the case.

*Schoenheit & Towle*, for plaintiff in error.

I. At common law, a person could not convey property by covenant of seizin, without being in actual possession thereof; and hence that covenant run with the land and was a covenant for possession. This principle was supported by various acts of champerty in England, and in some of the states of this country, and by reason of which it was held by the courts in some states, that no action was maintainable before eviction. This principle has in terms been abrogated in this state. *General Statutes, Sec.* 31, *p.* 877. The courts, in most of the states, hold that the covenant of seizin is a covenant of indefeasible title—that the word is synonymous with right—that it runs with the title, and is broken as soon as made. *Rawle on Covenants*, 20, 26, 27, 48. *Richardson v. Dorr*, 5 *Ver.*, 21. *Mills v. Catlin*, 22 *Ver.*, 106. *Lockwood v. Sturdevant*, 6 *Conn.*, 385. *Com-*

*stock v. Comstock*, 23 *Id.*, 349. *Parker v. Brown*, 15 *New Hamps.*, 186.

II. In an action upon the covenant of seizin it is unnecessary to aver eviction or lay special damages. *Rawle on Covenants*, 54–56. *Abbott v. Allen*, 14 *Johns.*, 248. *Sedgwick v. Hollenbeck*, 7 *Id.*, 376. *Bird v. Allen*, 3 *English*, 368. *James v. Life Ins. Co.*, 6 *Blackf.*, 525. *Latham v. McCann*, 2 *Neb.*, 276.

III. The facts stated in the petition are sufficient to support this action, and the demurrer does not reach other defects. *Mills v. Rice*, 3 *Neb.*, 76.

*Groff & Ames*, for defendants in error.

I. The covenants in the deed of defendant Twiss, a breach of which the plaintiff seeks to establish in this action, are the covenants of "seizin" and "right to convey." A covenant against incumbrances is alleged, but there can be no pretense of its breach, as an incumbrance is not an outstanding paramount title or the converse, but is a burden or charge upon the premises, as a mortgage, lien for taxes, or, more doubtfully an easement. 1 *Bouvier's Law Dic.*, 468.

II. The petition shows that at the time of the sale by the defendant, she was in possession of and claiming title to the same under a valid deed thereof from one Charles Gagnan. This constituted a seizin of such a nature, that by a continuous and undisturbed possession by her and her grantee during the term of the statutory limitation, it will enure as an adverse possession and ripen into a perfect title, which is all that is required by the covenant. 2 *Washburn's Real Property*, 503. *Marston v. Hobbs*, 2 *Mass.*, 438. *Backus v. McCoy*, 3 *Ohio*, 220. *Hamilton v. Wilson*, 4 *Johns.*, 72. Consequently there is no breach.

III.  If, however, the court is of the opinion that the outstanding paramount title (admitting for the sake of argument only that such a title exists) constituted a breach, then the covenant was broken and a cause of action accrued thereon at the time of the delivery of the deed, the breach being entire in the first instance and giving a personal cause of action.  4 *Kent Com's*, 471. *Bingham v. Wiederwax*, 1 *New York*, 509.   1 *Parson's Cont.*, 199.   *Marston v. Hobbs*, 2 *Mass.*, 439.

MAXWELL, J.

The petition alleges that on the first day of April, 1867, the defendant, Emma Twiss, sold and conveyed by deed in fee simple to the plaintiff the north half of section nineteen, town one, range eighteen east, in Richardson county, and that she covenanted with said plaintiff that she was lawfully seized of said premises, that they were free from incumbrances, and that she had good right and lawful authority to sell and convey the same; that plaintiff paid, at the time of the purchase, the sum of three thousand dollars, and secured the balance, being one thousand dollars, by a mortgage on the premises; that a decree of foreclosure of said mortgage, for the sum of twelve hundred and sixty-four dollars and seventy-seven cents, was obtained in the fall of 1873; that an order of sale was duly issued to George Faulkner, sheriff of Richardson county, commanding him to sell said premises to satisfy the said decree; that at the time of the execution of said deed to plaintiff there was a defect in the title to said premises, and said defendant Twiss was not well seized of said premises and she had no good right and lawful authority to sell the same, and the same was not free from incumbrance, in this, to-wit: that one Emmanuel Buler, a half-breed Indian, by virtue of the treaty of Prairie Du Chien, had allotted to him said

premises, and in the year 1860 a patent was issued to said Buler for the same, he being at that time seven years of age; that in the year 1865, Eli Bedard, as guardian of said Emmanuel, procured the sale of the premises as such guardian, *by order of the proper court, as it is said, but there is no record of any of the proceedings of such guardian sale, as required by law, and so far as the proper records show, nothing appears properly and according to law,* except the guardian's deed for said tract of land to one Charles Gagnan, from whom Emma Twiss derived title, having purchased said premises and received a deed therefor; that Emma Twiss well knew, at the time of the sale of said premises to the plaintiff, of the defect in the record, but plaintiff was not aware of the same, but relied on the covenants and representations of said Emma Twiss; that said defendant resides somewhere in California, and plaintiff is informed and believes is entirely insolvent; that Emmanuel Buler is about the age of twenty-one years and is a resident of Canada, and plaintiff has no means of obtaining a title to said premises from him, and is in danger of being harassed, by a suit of said Buler or his assigns, for the possession of said premises, and without said record being procured and perfected, upon which said title rests, plaintiff is in danger of losing said premises; that said Emma Twiss is bound in equity to perfect said title, and should do so before being permitted to collect said purchase money, plaintiff being without any remedy at law to compel said Emma Twiss to refund to plaintiff any part of said purchase money, wherefore plaintiff prays for an injunction, etc.

The defendant demurred to the petition, on the ground that the facts stated in the petition are not sufficient to constitute a cause of action. The district court sustained the demurrer, and dismissed the petition, to which the

plaintiff excepted, and the cause is now brought to this court by petition in error.

A covenant against incumbrances is defined to be one which has for its object security against those rights to, or interest in, the land granted, which may subsist in third persons to the diminution in value of the estate, though consistent with the passing of the fee of the estate. 2 *Greenleaf Ev., Sec.*, 242. 1 *Bouvier Law Dic.*, 406.

The mere existence of an incumbrance constitutes a breach of the covenant, without regard to the knowledge of the grantee of its existence, but a party, in order to recover, must distinctly set forth in his petition the facts on which he bases his claim for relief. A demurrer only admits the facts stated in the petition, not inferences or conclusions. No facts are stated in the petition in this case, that negative the regularity of the sale by the guardian. It is stated that there is no record of the proceedings prior to the deed from the guardian to Gagman, and "*as far as the proper records show, nothing appears properly and according to law.*" The object of the petition appears to be to require the defendant to perfect the record. The statute of 1871, (Laws 1871, 216) provides the mode of supplying lost records on the half-breed tract in Richardson county, and, independent of the statute, on a sufficient statement of the loss or destruction of the records, a court of equity would afford relief; but in this case there is no sufficient statement of facts showing an incumbrance.

It is contended by the plaintiff, that the defendant was not seized of the premises in question, at the time of conveyance, therefore the covenant of seizin is broken, and the plaintiff is entitled to recover whatever damages he may have sustained by reason of the breach. The defendant contends that the covenant of seizin, if broken at all, was broken at the time of the conveyance, and

does not run with the land, and is merely a chose in action, against which the statute of limitations has run.

It is a general rule of law, that where no interest whatever passes from a grantor by a conveyance, the covenants contained in the deed cannot run to a subsequent assignee.    In such case, the covenants are merely personal and not assignable at common law.  But if the grantor, at the time of the conveyance, was in the exclusive possession of the premises conveyed, under a claim of title, even if adverse to the owner, the covenant of seizin is not broken, until the purchaser or those claiming under him are evicted by title paramount.    In such case, the covenant of seizin is a real covenant annexed to the land, and passes with it to the assignee, to be enforced by him who is evicted by title paramount.    *Marston v. Hobbs*, 2 *Mass.*, 433.  *Backus v. McCoy*, 3 *Ohio*, 221.  *Kirkendall v. Mitchell*, 8 *McLean*, 145.  *Collier v. Gamble*, 10 *Missouri*, 472.  *Boothby v. Hathaway*, 20 *Maine*, 255.  *Beddoe v. Wardsworth*, 21 *Wend.*, 120.

In this case, for aught that appears in the petition, the defendant Twiss was in the exclusive possession of the premises, under a claim of title, at the time of the conveyance to the plaintiff, and the plaintiff has remained in the quiet and peaceable possession thereof, ever since. Clearly, there has been no breach of the covenant of seizin.    The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

CHIEF JUSTICE LAKE, concurred.  GANTT, J., did not sit.