MARY D. PARRAT, APPELLEE, V. JOHN D. NELIGH AND
OTHERS, APPELLANTS.

1. **Judicial Sale.** In a sale made under the authority of a decree in equity, the court is the vendor, and the commissioner making the sale is the mere agent of the court. The decree directs the sale of the property and the application of the proceeds to the payment of the debt, and is a sufficient warrant of authority to the officer to sell as directed in the decree.

2. ———: NOTICE OF SALE. Where an officer has caused public notice of the time and place of a sale of real estate to be given, for at least thirty days before the day of sale, by advertisement in some newspaper *printed in the county*, it is unnecessary to post notices of the time and place of sale.

3. **Practice:** CONFIRMATION OF SALE. In an equity cause, as in an action at law, if a party desires to oppose the confirmation of a sale of real estate, he must file a motion in the district court, setting forth the grounds upon which he seeks to set the sale aside. If the motion is overruled he may then appeal to the supreme court.

THIS was an appeal from an order made by VALEN-
TINE, J., confirming a sale of certain real estate under a
decree of the court.

*Crawford & McLaughlin*, for appellant, cited civil
code, sections 493, 497, 510.  Freeman on Executions, §
286.  Rorer on Judicial Sales, § 677.  *Harrison v.
Rapp*, 2 Blackf., 1.  *Tyler v. Wilkinson*, 27 Ind., 450.

*R. F. Stevenson*, for appellee, cited *Rector v. Rotton*,
3 Neb., 177.  *Koehler v. Ball*, 2 Kan., 161.  *White
Crow v. White Wing*, 3 Kan., 276.  Before the appel-
lants can insist upon the setting aside of the order con-
firming the sale in the above entitled cause, it is their
duty to pay back to the purchaser of the premises the
purchase money, together with interest and costs.
*Strong v. Catton*, 1 Wis., 428.

MAXWELL, CH. J.

On the thirteenth day of June, 1877, an order of sale,
returnable on the *first day of the next term of court*, was
issued out of the clerk's office of the district court of
Cuming county, requiring the sheriff of said county to
appraise, advertise, and sell according to law, certain
real estate therein described, to satisfy a judgment re-
covered in said court against said defendants.  The
sheriff, after twice offering said property for sale, and
being unable to sell the same for want of bidders, caused
said property to be re-appraised, and after due notice as
required by law, on the twelfth day of November, 1877,
sold a portion of said real estate, and made due report
of his proceedings in the premises to the court.

On the tenth day of December, 1877, the sale was con-
firmed, and deeds ordered to be made to the purchasers.
The defendants appeal to this court.

It is claimed by the defendants that the order of sale
is void: *First*.  Because there is no decree or judg-

ment. *Second.* Because the order of sale was not made returnable within the time required by law. *Third.* That the sale is void, because made after the time allowed by law for the return of the writ; also, because notices of sale were not posted up as required by law, and because the property was not sold for two-thirds of the appraised value.

If there was no decree or judgment, the purchasers would acquire no title whatever from the sale. The purchasers make no objections to the title acquired, and the presumption is that the order of sale was properly issued.

As to the second objection, the statute requires all real estate sold upon execution, or order of sale, to be appraised, and provides that it shall not be sold for less than two-thirds of the appraised value. The distinction, therefore, between sales upon execution and those denominated judicial sales, is to a great extent abrogated. This distinction, however, still remains, that the sheriff in making a sale under an execution, acts as the ministerial officer of the law, and not as the organ of the court, the court neither ordering out the execution or directing a sale of the debtor's property. But in sales made under the authority of a decree, the court is the vendor, the commissioner making the sale being the mere agent of the court.

The decree directs the sale of the property and the application of the proceeds to payment of the debt. As was said in *Rector v. Rotton et al.*, 3 Neb., 177: "By its judgment the court simply enforces a contract of sale voluntarily made with the owner. Nor is it at all necessary that an order of sale be issued by the clerk of the court to the officer charged with the execution of a decree; the judgment is his warrant of authority, and none other is required." We think that case states the law correctly, and we adhere to the decision there made.

Parrat v. Neligh.

As to the objection that notices were not posted up, it is sufficient to say that where the officer has caused public notice of the time and place of sale to be given, for at least thirty days before the day of sale, by advertisement in some newspaper printed *in the county*, it is unnecessary to post notices of the time and place of sale. Civil Code, Sec. 497.

In regard to the objection that the property did not sell for two-thirds of the appraised value, this, if true, would require the sale to be set aside. But it is apparent from an inspection of the record that each lot sold for more than two-thirds of the appraised value.

No exceptions were taken in the court below, and, so far as the record discloses, no attempt was made to call the attention of the court to the alleged errors. An equity cause may be appealed to this court, and will be heard *de novo* upon the testimony, but this does not excuse a party from excepting to an erroneous ruling of the court in the admission or rejection of testimony, or in the proceedings in the cause. A final judgment need not be excepted to, but a ruling claimed to be erroneous must be excepted to at the time it is made.

In an equity cause, as in an action at law, if a party desires to oppose the confirmation of a sale, he must file a motion setting forth the grounds upon which he seeks to set the sale aside, and if the motion is overruled he may appeal to this court.

JUDGMENT AFFIRMED.