M. H. SESSIONS AND ELIJAH J. CURSON, PLAINTIFFS IN ERROR, V. JOHN IRWIN AND JANE Y. IRWIN, DEFENDANTS IN ERROR.

1. **Judicial Sale:** APPRAISEMENT OF PROPERTY. Appraisers selected by a sheriff to appraise real estate levied upon by him, act judicially in making the appraisement. And it is their duty to ascertain the actual amount due upon liens and incumbrances upon such real estate.

2. ——: ——. And they must *specifically enumerate* the liens and incumbrances which they find subsisting against such real estate.

3. ——: TAX DEEDS. Tax deeds are not liens or incumbrances within meaning of the statute. A party claiming under such deeds holds adversely, and must rely upon his title.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The case is stated in the opinion.

*J. R. Webster* and *L. C. Burr*, for plaintiff in error.

No exception was taken at the time the order of confirmation was made, deed was executed same day and filed by the purchaser, Curson, for record. Curson had no notice of the motion filed by defendants to open the confirmation. This was error. *Williams v. Cummins,* 4 J. J. Marsh, 637. *Eckstine v. Calderwood,* 34 Cal., 658. *Lysen v. Bremer,* 13 Iowa, 461. *Osborn v. Cloud,* 21 Iowa, 238. *Cline v. Green,* 1 Blackf., 53. *Sears v.*

NOTE.—Under the same appraisement law it is not error for the sheriff to neglect to take steps to ascertain what liens, prior to the order of the sale, there were upon the land, it not being shown that any such liens in fact existed. *La Flume v. Jones,* 5 Neb., 256. Where the oath of the appraisers was to appraise the property, instead of the "interest" of the judgment debtor therein, it is not an error for which the sale should be set aside. *Id.*—REP.

*Low,* 2 Gil., Ill., 281. *Jewett v. Marshall,* 3 A. K. Marsh, 153. *Lime v. Hamilton,* 34 N. J. L., 305. *Good v. Combs,* 13 Texas, 34. The court has no power subsequent to confirmation and issue of a deed, upon motion to set the sale aside *on any ground, fraud or otherwise,* and divest the purchaser of his title. *State Bank v. Noland,* 8 English's Ark., 299. Nor can the court after confirmation, and before deed, set the sale aside upon motion, except for misconduct of the purchaser at the sale, and in this case no misconduct of the purchaser is pretended. *Coffin v. Corneth,* 1 Baldw., 194. The proper remedy after confirmation can only be by bill in chancery. *McMinn v. Phipp,* 3 Sneed, 196. *Gridley v. Duncan,* 3 S. & M., 456. *Harrall v. Word,* 54 Ga., 650. Or, in a proper case, the application should be by appellate proceedings if confirmation was erroneous. *Dixley v. Lansing,* 5 Am. L. Reg. N. S., p. 127. In no case after confirmation is motion the proper remedy. *Reeves v. Skennett,* 13 O. St., 574. *Pierce v. Kneeland,* 9 Wis., 23.

The purchaser's right to a deed is absolute upon an order of confirmation; "up to that time" objection may be made, or cause shown, by the other parties interested, *but not after,* except by error or appellate proceedings. *Phillips v Dawley,* 1 Neb., 320, 321.

No appearance for defendants in error.

MAXWELL, CH. J.

In May, 1877, Milan H. Sessions recovered a judgment against the defendants for the sum of $350, and costs taxed at $41.38. An execution was issued on the judgment in June of that year, which was levied upon the north-east quarter of the south-east quarter, of section twenty-four, in township ten north, of range six east of the sixth principal meridian, in Lancaster

county. The interest of the defendants in said real estate was appraised at the sum of the ten dollars, and was purchased by Curson for the sum of $30. The sale was reported to the court, and on the second day of October, 1877, an order made to show cause by the ninth day of that month why the sale should not be confirmed. On the tenth day of October, 1877, no objection on the part of the defendants having been made to the confirmation of the sale, it was confirmed, and a deed for the premises executed by the sheriff to the purchaser. On the next day the defendants filed a motion to set the confirmation and sale aside. The motion appears to have been sustained, but no formal order was entered on the records of the court until March, 1878, when an order was entered on the records vacating the order of confirmation and setting the sale aside, to which the plaintiff excepted, and now brings the cause into this court by petition in error.

In appraising the property, the appraisers fixed the value at $2,200, and found as prior incumbrances as follows:

Taxes as per county treasurer's certificate..........................$.........
Tax deeds as per county clerk's certificate........................... .........
Mechanic's lien as per county clerk's certificate..................... .........
Prior judgments as per district court clerk's certificate......... .........

Total incumbrances................................................$.........

The interest of the defendants was valued at ten dollars.

The certificate of the county clerk shows a tax deed to N. C. Brock for said premises dated June 12, 1877, also tax deed to Brock dated December 15, 1871.

It also appears from a certificate of the county treasurer that certain taxes were due upon the premises in question.

The act passed in 1875 "for the more equitable appraisement of real property under judicial sale," pro-

vides : " That for the purpose of appraisement the offi-
cer and the freeholders therein named 'shall deduct
from the real value of the lands and tenements levied
on the amount of all liens and incumbrances for taxes
or otherwise, prior to the lien of the judgment under
which the execution is levied, and to be determined as
hereinafter provided, and which liens, and incumbrances
shall be specifically enumerated, and the sum thereaf-
ter remaining shall be the real value of the interest
therein of the persons or corporations against whom
or which the execution is levied." Laws, 1875, p. 60.

Section 3 of the act provides that : " It shall be the
duty of the county clerk, the clerk of the district court,
and the county treasurer of the county wherein such
levy is made, for the purpose of ascertaining the
amount of the liens and incumbrances upon the lands
and tenements so levied upon, upon application of the
sheriff in writing, holding such execution, to certify to
said sheriff under their respective hands and official
seals, the amount and character of all liens existing
against the lands and tenements levied upon, and which
are prior to the lien of such levy, as the said liens ap-
pear of record in    their respective offices.

An " incumbrance " is defined to be " any right to,
or interest in, land which may subsist in third persons,
to the diminution in value of the estate of the tenant,
but consistent with the passing of the fee." 2 Green-
leaf Ev., § 242. 1 Bouvier Law Dict., 596. *Scott v.
Twiss*, 4 Neb., 133.

A " lien " is defined to be " a hold or. claim which
one person has upon the property of another as a secu-
rity for some debt or charge. 2 Bouvier's Law Dict., 47.

The object of an appraisement law is to prevent a
sale of the debtor's real property at a sum altogether
disproportionate to its real value. Contracts are made
with reference to this provision of the statute, and the

creditor is aware at the time an obligation is incurred, that if he is compelled to invoke the aid of the court to enforce his demand against the debtor, that the interest of the debtor in the real estate levied upon must bring at least two-thirds of its appraised value. And the inconvenience and delay to which the creditor may be subjected in consequence of such appraisement are but slight compared with the injuries which might be sustained by the debtor in the sacrifice of his property in the absence of an appraisement law. The appraisers are to appraise the interest of the debtor at "its real value in money." How is this to be done? In making the appraisement, the appraisers act judicially. The certificates furnished by the county clerk, clerk of the district court, and the county treasurer are not conclusive evidence of the facts which they purport to establish. A mortgage upon the lands in question may appear unsatisfied upon the record, yet the entire amount due thereon may have been paid. So in regard to other liens and incumbrances. It is the duty of the appraisers to endeavor to ascertain the *actual amount due* upon such liens and incumbrances, and they must *specifically enumerate* the liens and incumbrances which they find subsisting.

Tax deeds are not liens or incumbrances within the meaning of the statute. A party claiming title under a tax deed holds adversely, and for the time being, at least, must rely upon his title.

The statute provides that in cases where there has been a valid assessment, if the title fails the holder may have a lien upon the real estate, but this is a mere possibility, and cannot be considered by the appraisers, as the validity of a tax deed must be determined by a court and not by appraisers.

In the case at bar the property was appraised at $2,000. No liens or incumbrances are found by the ap-

praisers to exist against the land. The property therefore should have sold for at least two-thirds of its appraised value. As it failed to sell for that sum the court did its duty by setting the sale and confirmation aside. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.