JOSEPH ROSENFIELD AND OTHERS, PLAINTIFFS IN ERROR,
v. MATHIAS CHADA, DEFENDANT IN ERROR.

**Judicial Sale:** APPRAISEMENT. Appraisers called to value real estate levied upon by the sheriff must appraise the property at its value in money, and deduct the liens therefrom, specifically enumerating each lien and the amount due thereon. It is not sufficient to appraise the interest of the debtor therein.

ERROR to the district court for Saline county.

*M. B. C. True*, for plaintiff in error.

*W. H. Morris*, for defendant in error.

MAXWELL, CH. J.

In February, 1878, an action was commenced in the district court of Saline county by the plaintiffs against the defendant, and lot 11, in block 143, in the city of Crete, was attached as his property. In April of that year judgment was rendered against him for the sum of $224.05, and an order made for the sale of the attached property. In January, 1879, an order of sale was issued on said judgment and delivered to the sheriff of said county, who thereupon caused the following appraisement to be made:

" The State of Nebraska, }
     Saline county. }

" We, Jacob Bigler, sheriff of Saline county, and H. C. Rider and J. C. McDonald, two disinterested freeholders, residents of said county, the said H. C. Rider and J. C. McDonald, having been first sworn by said sheriff, do, upon actual view thereof, appraise the property hereinafter described at its real money value, as the property of Mathias Chada, taken by virtue of an order of sale issued out of the district

court of the first judicial district of Nebraska, in and for the county of Saline, wherein Joseph Rosenfield and Mayer Rosenfield are plaintiffs and the said Mathias Chada is defendant, to-wit: lot No. 11, in block 143, in the city of Crete, Saline county, Nebraska. The interest of Mathias Chada valued at the sum of $200.

"Given under our hands this twenty-third day of January, 1879.

" JACOB BIGLER, Sheriff.
" H. C. RIDER.
" J. C. McDONALD."

The lot in question was sold to the plaintiffs for the sum of $134. The defendant filed a motion to set the sale aside, which was sustained. The plaintiffs bring the cause into this court by petition in error. The several errors assigned are substantially the same, viz.: that the court erred in sustaining objections to the sale, and that said objections should have been overruled. In the case of *Sessions v. Irwin*, 8 Neb., 7, the interest of the defendant in certain real estate was valued at $10. It was held that the appraisers must specifically enumerate the liens and incumbrances which they find subsisting. This can only be done by ascertaining the gross value of the real estate, and after enumerating the liens and the amount due on each, deduct them from the gross value. If this mode of ascertaining the value is not adhered to it will be next to impossible to review an erroneous appraisement, and the debtor's property is liable to be sacrificed. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.