SAMUEL STRATTON, APPELLEE, V. FRANCIS E. REIS-
DORPH ET AL., APPELLANTS; IMPLEADED WITH
·OMAHA LUMBER COMPANY, APPELLEE.

[FILED SEPTEMBER 28, 1892.]

1. **Mortgage Foreclosure:** NOTICE OF SALE. In a notice of sale
of real estate under a decree of foreclosure, while it is proper to
state the amount of the decree, such statement is not essential to
the validity of the notice.

2. ———: PARTIES. In a foreclosure proceeding the holder of a prior
mortgage is not a necessary party.

3. ———: FINDINGS: PRIOR INCUMBRANCES. In a foreclosure pro-
ceeding, where the holder of a prior mortgage is not made a party,
it is not necessary for the court to find the amount due on such
mortgage, since the. holder, not being a party to the suit, will
not be concluded thereby; and the provisions of the Code for
the ascertainment of prior liens by the appraisers are adequate
to preserve the rights of the mortgagor or others standing in the
same relation to the mortgaged property.

4. ———: CONFIRMATION: IRREGULARITIES IN DECREE. Where
parties have been personally served with summons and make an
appearance in a suit to foreclose a mortgage, they cannot after-
ward, to defeat confirmation, assail the decree for a mere ir-
regularity.

APPEAL from the district court for Saunders county.
Heard below before MARSHALL, J.

*David Van Etten*, and *O. C. Tarpenning*, for appellants.

*T. B. Wilson*, and *Reese & Gilkeson*, for appellee Stratton.

POST, J.

This is an appeal from an order of the district court of
Saunders county confirming the sale of certain real estate,
under an order of sale issued upon a decree of foreclosure.
The appellants, who were defendants below, filed answer

in the district court, but a demurrer thereto was sustained. To this ruling appellant took no exception and pleaded no further. An order of sale was issued April 23, 1890, under which the sheriff sold the land, making his return June 3, following, on which day the preliminary order to show cause against the confirmation of sale was made   On the 4th day of June certain objections and exceptions to the sale were filed, and on the next day the order of confirmation was entered. From this order defendants appeal.

The first objection is, that the notice of sale is insufficient because it does not state the amount of the decree, nor any amount. An examination of the notice, as published, shows that it complies with all of the provisions of statute. There is no requirement that the notice shall contain a statement of the amount found due by the decree. That is a matter of public record. The notice refers to the decree and the order of sale. This is sufficient.

The next contention is, that the sheriff had no authority to sell subject to the mortgage of the Lombard Investment Company, inasmuch as there was no finding of the amount due thereon. This is, in effect, an attack upon the decree, as it is therein found that the Lombard Investment Company has a prior lien and an order is awarded for the sale of the property subject to said mortgage. The investment company was not a necessary party to the suit. (*White v. Bartlett*, 14 Neb., 320.) The district court had jurisdiction of the subject of the action and of the parties, hence questions which affect the regularity of the decree are concluded thereby. The decree cannot be assailed for any mere irregularity upon a motion to set aside a sale. (*Parrat v. Neligh*, 7 Neb., 456; *State Bank v. Scofield*, 9 Id., 499.) But the decree is not irregular. The Lombard Investment Company, not being a party to the foreclosure proceeding, would not have been bound by any finding as to the amount due on its mortgage. Nor can the failure to find the amount due on a prior mortgage in such case prejudice the mort-

gagor or other party standing in the same relation to the mortgaged property. The provisions of the Code for the appraisement of property sold on execution or at judicial sale, sections 491*a*, 491*b*, 491*c*, 491*d*, are adequate for his protection. Under these provisions the appraisers are required to find the amount of prior liens from the best evidence obtainable, viz., the records of the county clerk, the clerk of the district court, and the county treasurer. They act judicially, and should specifically enumerate the liens and incumbrances which they find against the property. (*Sessions v. Irwin*, 8 Neb., 5.)

The question not being an open one in this state, we do not deem it necessary to examine the cases cited by counsel for defendants. The sum deducted on account of the prior mortgage, $900, is the amount found by the appraisers; and as no attempt was made to impeach their finding, it must be presumed to be correct.

Other objections in the defendants' brief do not call for discussion, since they are not predicated upon any state of facts which appear of record. In fact, so far as they are to be regarded as statements of fact, they are direct contradictions of the record. The proceedings in the district court appear to have been in all respects regular, and the order confirming the sale is

AFFIRMED.

THE other judges concur.