COUNTY OF LOGAN, APPELLEE, V. MCKINLEY-LANNING LOAN & TRUST COMPANY ET AL., APPELLANTS.*

FILED DECEMBER 2, 1903. No. 12,708.

1. **Foreclosure of Tax Lien by County.** In an action brought in the district court by a county to foreclose a tax lien on real estate for delinquent taxes, the determination of the question whether or not the county could, under the statute, maintain such action, without an antecedent administrative sale by the county treasurer and the issuance to the county of a tax sale certificate as a basis for such proceedings, goes to the existence of a cause of action and not to the jurisdiction of the court.

2. ——: DECREE. A decree rendered in a foreclosure proceeding for the sale of real estate to satisfy a tax lien, barring the equity of redemption of the owner of such property, is an adjudication of that question which can not be inquired into on objections to confirmation of sale, on the ground that the owner had not been given the time to redeem allowed by law.

3. ——: ——. Where the district court has jurisdiction of the subject of the action and of the parties in a foreclosure proceeding, questions which affect the regularity of the decree are concluded thereby. Such a decree can not be assailed for any mere irregularity upon a motion to set aside a sale made in pursuance of such decree.

4. **Decree:** IRREGULARITY: REMEDY. Where a decree in foreclosure proceedings, by its terms, erroneously denies to the owner of the equity of redemption the time to redeem from sale which is allowed by law, his remedy is by a direct proceeding to obtain a reversal or modification of the decree, and not by an indirect attack thereon, by objecting to the confirmation of sale made in pursuance of the decree because of such error.

APPEAL from the district court for Logan county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland,* for appellants.

*M. F. Harrington, Beeler & Muldoon* and *Wilcox & Halligan,* contra.

* Rehearing allowed. See opinion, p. 406, *post.*

HOLCOMB, J.

This is an appeal from an order of confirmation of sale of real estate made in foreclosure proceedings. The objections interposed to the order of confirmation required to be noticed, are: First, that the decree of the court on which the sale is based is void, in that the court had no jurisdiction to enter such decree, because the action on the part of the plaintiff is unauthorized by law; second, because the action was to foreclose a pretended lien for taxes for the years 1893 to 1899, inclusive; the decree was rendered February 28, 1901; the sale was made October 2, 1901, and the two years' time for redemption from such sale, as provided in section 3, article IX, of the constitution, has not expired. As indicated by the motion, the action was instituted by the plaintiff county to enforce a tax lien for delinquent taxes on real estate, arising by virtue of the assessment and levy of taxes, for the several years mentioned, on the property sold for general revenue purposes.

The petition praying for a foreclosure of the tax lien, and on which the decree is based, was manifestly defective, in that it was not alleged that the land had been sold for delinquent taxes by the county treasurer and a tax sale certificate issued to the county, as is held must be done in the recent case of *County of Logan v. Carnahan,* 66 Neb. 685; s. c. on rehearing 66 Neb. 693. But, while the judgment or decree was erroneous in the sense that a reversal of it might have been obtained by prosecuting an appeal or a petition in error, yet, it was not, for that reason, void and subject to collateral attack. The counties of the state are empowered by the legislature to enforce the collection of delinquent taxes assessed on real estate, when the land has not been sold by the county treasurers to those willing to purchase by paying the taxes assessed against the property, and, for that purpose, to institute and maintain an equitable action in the nature of the foreclosure of a mortgage lien; the county acting, in such cases, as the trustee

of an express trust charged with the duty of enforcing the collection of such delinquent taxes by a foreclosure of the lien and a judicial sale of the property on which the taxes are assessed, and, when collected, to cause the taxes to be distributed to those for whose benefit they were levied. The district courts are the tribunals having general jurisdiction over actions of this character. In determining whether, in a given case, the county is authorized to maintain a suit to foreclose a tax lien, the court acts upon a matter confessedly within its jurisdiction, and its judgments and decrees become final unless appealed from or reversed, even though the rendition of the decree is erroneous because no tax sale certificate has been issued by the county treasurer to the county bringing the suit, as is required to be done in the regular exercise of the power thus conferred on such counties. *County of Logan v. Carnahan, supra.* Whether or not the county could, under the statute, maintain an action in a particular case, without, in form, an antecedent administrative sale by the county treasurer and the issuance to it of a tax sale certificate, was a question which went to the existence of a cause of action and not to the jurisdiction of the court. *Arnold v. Booth,* 14 Wis. 195. The objection to the confirmation on the ground that the decree is void is untenable.

In the petition filed in the action it was prayed that an accounting be had, and a finding of the amount due plaintiff county, which should be decreed to be a first lien on the property, and that the defendants, and each and all of them, be foreclosed, barred, and enjoined from any and all right, title and interest or lien in, to and upon such premises; that the premises be sold under a decree of the court and that, upon a confirmation of the sale, the sheriff be ordered to make to the purchaser of said premises a good and sufficient deed of conveyance, and put him in possession of the premises purchased. In the decree rendered it was adjudged by the court that, in case the defendants failed for twenty days from the entry of the decree

to pay the plaintiff the sum found due, with interest, the defendants' equity of redemption be foreclosed and said premises should be sold, and an order of sale was directed to be issued to the sheriff; commanding him to sell the real estate as upon execution and bring the proceeds into court to be applied in satisfaction of the decree. No attempt has been made to modify the decree or obtain its reversal, and the same has now become final. By its terms, the equity of redemption of the appealing defendants was barred and foreclosed upon the sale of the premises. Without determining the question of whether the decree might properly have been framed so as to permit a redemption at any time within two years from the judicial sale, as is contended by the appellants should be done, or might have been modified, in a suitable application, so as to accomplish the same purpose, it is sufficient to say that the decree, as it stands, does not contain any such provision and that, by its terms, the time for redemption had expired when the sale was confirmed and a deed executed by the sheriff to the purchaser thereat. The sale was made in pursuance of the decree and according to its terms, and if the decree is effective for any purpose, as it certainly is when unappealed from and unreversed, the appellants' equity of redemption was barred thereby and they, having slept on their rights, can not now be heard to complain. Their objections to the order of confirmation are in their nature a collateral attack on the decree, which, of course, it is not subject to, unless absolutely void.

Having suffered an erroneous decree to become final, the appellants are not in a position, now, to obtain a reversal or modification, by a direct proceeding brought for that purpose, and, by the application of well recognized principles, it is invulnerable to an attack, indirectly. The court having jurisdiction over the parties and the subject matter of the action, whatever was involved, adjudicated and determined regarding the merits of the decree which it entered was set at rest when the decree became final, and can not be inquired into upon objections to confirmation

of the sale made in pursuance thereof and in strict con-
formity with its terms. This rule has the sanction of
several different holdings of this court on the subject. In
*State Nat. Bank of Lincoln v. Scofield,* 9 Neb. 499, it is
stated in the syllabus:

"On an appeal from an order of the district court con-
firming a sale of mortgaged premises, *held,* that this court
would not consider a question involving the merits of the
original case." POST, J., speaking for the court in *Stratton
v. Reisdorph,* 35 Neb. 314, said:

."The district court had jurisdiction of the subject of the
action and of the parties, hence, questions which affect the
regularity of the decree are concluded thereby. The de-
cree can not be assailed for any mere irregularity, upon a
motion to set aside a sale. *Parrat v. Neligh,* 7 Neb. 456."

To the same effect are *Nebraska Loan & Trust Co. v.
Hamer,* 40 Neb. 281; *Beatrice Paper Co. v. Beloit Iron
Works,* 46 Neb. 900. In *Hoover v. Hale,* 56 Neb. 67, it is
held:

"A judgment is an adjudication of the rights of the liti-
gant to the subject matter of the suit, and in a proceeding
to confirm a sale made to satisfy such judgment, the dis-
trict court has no authority to inquire into its merits."

From the foregoing, it would seem quite clear that the
second objection to the order of confirmation comes too
late and can not now avail the appellants anything, even
though they have been deprived of the two years' time for
redemption from tax sale contemplated by the provision
of the constitution referred to in the motion. This ques-
tion should have been raised before the rendition of the
decree and a determination had of the time which under
the law they were entitled to in which to redeem from such
sale or, in any event, by an application for a modification
of the decree, preserving to them such rights as they were
justly entitled to, before their title and estate in the land
sold should be finally and absolutely extinguished. This
position is fortified by reference to authorities in other
jurisdictions. In *Brine v. Insurance Co.,* 96 U. S. 627, the

subject of the statutory right of redemption after sale was exhaustively considered, as affecting the procedure in the federal chancery courts in the foreclosure of real estate mortgages. The decree directing a sale of property to satisfy a mortgage foreclosing the equity of redemption was reversed, because not recognizing the right of redemption on the part of the mortgagor or the owner. of the equity for the time allowed by the statute of the state, in which the land was situated, after a sale to be made in pursuance of the decree. It was decided that the erroneous decree should have contained provisions preserving to the owners of the equity the right to redeem, at any time within one year after the sale, which was given by the statute of the state, in which the land was situated. In *Maloney v. Dewey,* 127 Ill. 395, it is stated in the syllabus:

"Errors in a decree of foreclosure, such as directing a sale without redemption, do not divest the court of its jurisdiction so as to render the decree liable to collateral attack."

In the opinion it is said:

"The objection is urged, that the decree rendered is erroneous, because it directs a sale without redemption. But that error does not divest the United States circuit court of jurisdiction of the case. The remedy is, to apply to that court. What effect that error might have were this a suit at law, and the claim were made that the deed from the master was void because of such error, we will not undertake to decide. But this is a proceeding in equity to redeem from a deed of trust that a federal court has foreclosed. Whether the decree is erroneous in respect of the order of sale, or not, can not affect the jurisdiction of that court to render final decree. If this decree should be reversed on review or error, that court would still have the exclusive jurisdiction to render final decree in the case, and necessarily, therefore, some other court could not have jurisdiction to render a decree that redemption under the deed of trust be allowed. The right of redemp-

tion is involved in the question of foreclosure. No decree can be rendered in such a case without passing upon it, and the court first obtaining jurisdiction to pass upon it must retain that jurisdiction to the end. *Ex parte Jenkins,* 2 Wall. Jr. (U. S. C. C.) 521; *Wallace v. McConnell,* 13 Pet. 136, 151."

*Moore v. Jeffers,* 53 Ia. 202, is a case more nearly in point. It appears that, in a prior action, a sale of real estate had been made in foreclosure proceedings, in pursuance of a decree rendered therein which, by its terms, disregarded and cut off the time for redemption allowed by statute after sale. It is held, in the case cited, that the court in the prior action, having jurisdiction of the parties and the subject matter of the action, although its decree was undoubtedly erroneous, it was not void and could not be impeached in a collateral proceeding. In the opinion it is said:

"Under the doctrine of that case it is clear that the decree of foreclosure in this case was erroneous. It was, however, erroneous, simply, and not void. It can not be collaterally impeached, but must be regarded as valid and binding until reviewed by the appellate court. Where a court has jurisdiction the record must be received as conclusive of the rights adjudicated, and no fact established by the judgment of the court can be controverted. *Shriver's Lessee v. Lynn,* 2 How. 43. When it is once made to appear that a court has jurisdiction, both of the subject matter and the parties, the judgment which it pronounces must be held conclusive and binding upon the parties thereto, and their privies, notwithstanding the court may have proceeded irregularly or erred in its application of the law to the case before it. Cooley, Constitutional Limitations, 408."

In *Mills v. Ralston,* 10 Kan. 206, it is said that the terms of a decree show not merely the property but also the amount of the defendant's interest therein which is ordered to be sold, that the sale follows the decree and the sheriff offers whatever the decree orders, and when the sale is

confirmed, it passes to the purchaser the interest the defendant possessed which the decree ordered sold. In a later case, *Ogden v. Walters,* 12 Kan. 282, it is held that a decree in a foreclosure suit, barring all right to redemption, is binding upon all parties and privies even if erroneous, and can not be attacked collaterally. From what has been said and the authorities cited, it seems clear that on principle and authority the decree in the case at bar has become final and conclusive on the parties to the action, and the sale having been made in pursuance of, and in conformity with, the terms of the decree, the order of confirmation was rightly entered, and whatever irregularity or erroneous action of the trial court which may exist, of which complaint is made, goes to the merits of the decree on which the sale was based, which can be corrected only by a direct proceeding for a reversal or modification thereof, and can not be raised by objections interposed to the confirmation of sale which appears to have been made in accordance with the decree and in conformity with the statute.

The order appealed from is therefore

AFFIRMED.

The following opinion on rehearing was filed December 7, 1904. *Former judgment vacated. Judgment of the district court reversed:*

1. **Foreclosure of Tax Lien:** DECREE: RIGHT OF REDEMPTION. In a suit to foreclose a tax lien on real estate and to sell the land for the satisfaction of the taxes found to be due, a decree barring the equity of redemption, only, does not, necessarily, adjudicate the right of redemption from tax sale given by the statute or the constitution.

*a.* **Right of Redemption.** The statutory right of redemption from tax sale differs essentially from the equity of redemption proper.

2. ———. A statutory right of redemption from sale as distinguished from the equity of redemption is usually self-executing, and to enjoy the benefit thereof, no proceedings, ordinarily, are required to be had in the courts to make such right effective.

3. ———: CONSTITUTION. Section 3, article IX, of the constitution declares that "the right of redemption from all sales of real estate,

for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less that two years," and, in the absence of statutory provisions more definitely pointing out the mode by which redemption may be made, these provisions are self-executing and secure to all whose property, as therein mentioned, may be sold for nonpayment of taxes or special assessments the right of redemption from tax sale as therein provided.

4. ——— : ———. The sale of lands for taxes contemplated by the constitutional provisions above mentioned refers to and embraces both administrative and judicial sales.

5. ——— : SALE: CONFIRMATION. The equity of redemption, only, being barred by the decree in the case at bar, the right to redeem from tax sale may appropriately be raised by an objection to a motion to confirm a sale made in pursuance of the decree.

a. ——— : ——— : ———. An absolute order of confirmation of a sale, made in pursuance of a decree for the sale of land for the satisfaction of taxes over objections which deprives the decree debtor of the right of redemption from tax sale given by the statute or the constitution, is erroneous.

HOLCOMB, C. J.

In the former opinion handed down in this case, *ante*, p. 399, it is held and decided, in substance, that appellant's right of redemption from tax sale was involved and had been adjudicated in the decree rendered by the court below, and that, upon objections to confirmation of a sale made in pursuance of the decree, he could not be heard to object to a confirmation on the ground that he had not been allowed the time provided by law to redeem the land ordered to be sold, in the exercise of his right of redemption from the sale, and that such objection was an indirect and collateral attack on the decree and therefore could not be sustained. A rehearing has been allowed, the questions again argued, and we have been favored also with some helpful briefs by counsel appearing *amici curae*. While the propositions announced in the former opinion are yet believed to be correct in the abstract, further consideration has led us to the conclusion that a misapplication of the propositions considered has been made in the case at bar

and a misconception had of the legal scope and effect of
the decree entered in the trial court, which was the basis
for the sale to which the objections were made and which
resulted in the ruling appealed from.   In the opinion, it is
said:

"The court having jurisdiction over the parties and the
subject matter of the action, whatever was involved, ad-
judicated and determined regarding the merits of the de-
cree which it entered was set at rest when the decree
became final, and can not be inquired into upon objections
to confirmation of the sale made in pursuance thereof and
in strict conformity with its terms."

The important question to be determined therefore is
whether, as a matter of law, the decree does, in fact and
in legal contemplation, operate to cut off and bar the ap-
pellant from his right to redeem his real estate from tax
sale, as is provided by law he may do.   The decree found
a certain sum due the plaintiff county for taxes legally
assessed and levied against the land and that such taxes
were a lien thereon, were due and unpaid, and that, in
case the defendant failed for twenty days from the entry
of the decree to pay the sum found due, with interest and
costs, the defendant's equity of redemption be foreclosed
and said premises should be sold, and an order of sale was
directed to be issued to the sheriff, commanding him to
sell the real estate as upon execution and bring the pro-
ceeds into court to be applied in satisfaction of the decree.
In pursuance of the decree, the premises were sold by the
sheriff and a report made thereof, and, upon an application
to confirm the sale, among other things, an objection was
interposed on the ground that such confirmation should
not be had, "because this is an action on the part of the
plaintiff to foreclose a pretended lien for the taxes of
plaintiff for the years 1893 to 1899, inclusive, and said
decree was rendered February 28, 1901, and said sale for
said lien was made October 2, 1901, and the two years' time
for redemption of said sale, as provided in section 3 of
article IX of the constitution, has not expired, and the

plaintiff is not entitled to confirmation of sale, nor the purchaser entitled to a deed thereunder before said time for redemption has expired."

1. Does the decree which bars only the equity of redemption of the tax debtor cut off his right to redeem from a tax sale, which is a different right and one arising wholly from the constitution and statutory provisions enacted in conformity therewith?

The equity of redemption, as usually recognized and applied, has its origin in the early chancery practice, where a strict foreclosure was decreed in cases where an equity, only, in real estate remained in the debtor or mortgagor and which, by a formal decree, was cut off and barred if the property was not redeemed at a time as therein stated. Under our practice, we now speak of it as belonging to the owners of the legal title to real estate mortgaged or otherwise encumbered, where, in the enforcement of the lien, the jurisdiction of a court of equity is invoked for the purpose of decreeing a sale of the property for the satisfaction of the debt. Strictly speaking, it is a right to redeem from the lien and may be taken advantage of at any time before the decree or, thereafter, before a sale and confirmation in pursuance of the decree, by means of which the equity of redemption becomes extinguished. This right to redeem is involved in all foreclosure cases, whether the mortgage creates a legal estate, subject to be defeated by conditions, or whether the incumbrance is merely a lien on the land; the court, in either case, determining, when rendering the decree, whether the conditions are violated and the estate, legal or equitable, subject to forfeiture or sale in satisfaction of the debt. In one instance, it is barred by the decree, and, in the other, by the decree and a sale of the land made in pursuance thereof.

"The statutory right to redeem differs essentially from the equity of redemption proper. It is not an estate in the mortgaged property, but is a mere personal privilege of redeeming the property within a certain time after the

mortgage has been foreclosed." 11 Am. & Eng. Ency. Law (2d ed.), 213.

In *Mayer v. Farmers Bank*, 44 Ia. 212, it is said:

"The equity of redemption must not be confounded with a right of redemption. A mortgagor has an equity of redemption until the sale, and not afterward, and this is true whether the sale is made upon foreclosure or under revised section 3664. After sale, he has a right of redemption if the statute gives it, and so has the lien holder."

2. The right to redemption from a sale in the enforcement of a lien on real estate, whether for taxes or otherwise, which has for its authority a statute or constitutional provision, is a right distinguishable from the equity of redemption, in that the latter is barred and foreclosed by invoking the jurisdiction of the courts for that purpose and by an adjudication and determination of the extent of such right, while the right to redeem from sale which is given by the law is usually self-executing and, to enjoy the benefit of which, no proceedings, ordinarily, are required to be had in the courts to make such right effective. A statutory right to redeem fixes the terms upon which such redemption may be had, and the right thus given may be availed of without the formality of a decree, consequent upon an adjudication in court proceedings, and without other or different steps for the establishment of such right than those provided for by the statute itself. It is a right of redemption as distinguished from an equity of redemption, and a bill in equity is not generally needed to enforce such right. It is statutory, to be enforced as the statutes provide and not otherwise. 2 Jones, Mortgages, sec. 1051; *McHugh v. Wells*, 39 Mich. 175. An ordinary decree of foreclosure of a mortgage lien, barring the equity of redemption, would, usually, be very similar in its terms to the language used in the case at bar; that is, the equity of redemption would be foreclosed and barred, if the amount found to be due and adjudged to be a lien on the property in litigation was not paid in a short time, and the property ordered sold; and, upon confirmation, the equity of re-

demption would be forever cut off. Yet, such a decree would be subject to the provisions of our statute authorizing a stay of the order of sale for nine months, and, in the face of a request for such a stay, a premature sale and confirmation thereof, of the property involved, in pursuance of the terms of the decree, would manifestly be erroneous. So, in the case at bar, the formal decree entered therein, barring and foreclosing the appellant's equity of redemption, must be held to leave unaffected and unimpaired the appellant's right to redeem, given him by positive law.

3. The law at the time these proceedings were had, provided that the owner or occupant of any land sold for taxes, or any person having a lien or interest thereon, might redeem the same at any time within two years after the day of such sale, upon terms as therein provided. The constitution expressly declares:

"The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof." Sec. 3, art. IX of the constitution.

In *Lincoln Street R. Co. v. City of Lincoln*, 61 Neb. 109, it is held (p. 112):

"Under the constitutional provisions, the right of redemption is made secure to all those whose property as therein mentioned may be sold for nonpayment of taxes or special assessments, and the right is secured in the absence of statutory provisions more definitely pointing out the mode by which the redemption may be made. The constitutional provisions are held to be self-executing."

In the opinion, it is said (p. 142):

"No difficulty would be experienced in redeeming from sale of real estate in foreclosure proceedings of a lien for taxes, after sale and before confirmation, by paying the judgment, interest, costs and accruing costs; and we see no reason why a further extension of time after sale in which

redemption might be had would in any way prevent consummation of the object contemplated by the section, and at any time within the period therein mentioned; nor do the constitutional provisions appear inadequate to fully conserve the rights of parties in regard thereto. The proceedings are in a court of equity, and it has control over all the steps therein taken until the rights of all parties have been fully adjudicated and finally determined under the provisions of both the constitution and the statute."

4. In *County of Logan v. Carnahan,* 66 Neb. 685, the constitutional provision relative to redemption from tax sales was further considered, and it is there held that the section referred to authorizes, within the time mentioned, redemption from judicial as well as administrative sales. It is said in the opinion:

"The sales here referred to include, in our judgment, both administrative and judicial sales. The right secured to the landowner is the right to redeem from any sale which, if valid, would divest his title."

It is obvious, from what has been said, that, in this state, there is a right under the law to redeem from a sale of lands for delinquent taxes in favor of the owner for a period of two years from the time of such sale, and it is equally clear that whether we view the sale, in the case at bar, as having been made in an administrative capacity, by the proper authority, before the institution of the proceedings to foreclose in which the decree, in the case at bar, was rendered, or as having been made at the judicial sale made in pursuance of such decree, the landowner has been, by the order of confirmation, deprived of the benefit of the time allowed him by law in which to redeem, and that, unless his right to such legal redemption is foreclosed and cut off by the decree, which we are constrained to say has not been, the order of confirmation complained of ought not to have been entered, which, in effect, makes the sale absolute upon the execution and delivery of the sheriff's deed, and transfers to the purchaser the full and absolute title to the premises decreed to be sold.

5. Aside from the general averments in the petition and such as are usually found in pleadings of this character, where the object is to enforce a lien upon real property and cut off the equity of redemption, there is nothing in the record to indicate that the question of the legal right to redeem from a tax sale was either raised or expressly determined, except the inference proper to be drawn from the decree in the general terms in which it is framed, as heretofore noted. If this question is neither fairly raised nor necessarily determined by the decree entered directing a sale of the property for the satisfaction of the lien found to exist in the plaintiff's favor, and barring the equity of redemption, then there can be, we think, no valid objection to the question being raised, as it was raised, upon the application for a confirmation of the order of sale and the objections interposed by the appellant against the order of confirmation being, at that time, made absolute. The propriety of raising the question in this manner is recognized in *Brine v. Hartford Fire Ins. Co.*, 96 U. S. 627, cited in the former opinion, where the court in the determination of the questions therein presented said:

"If the point had been raised or insisted on by the appellee, it would admit of doubt whether the question is fairly raised by the decree; for while it orders the sale of the lot, and a report to the court, it says nothing about barring the equity of redemption, nor of the making of a deed; and, but for a single phrase in the decree, it would seem that the appropriate time to raise this question would be on the confirmation of the report of sale and the order for a deed to the purchaser, which has not yet been done."

It is doubtless true that, if the issue were directly raised in the foreclosure action and an adjudication had respecting the constitutional and statutory right to redemption, and such question was necessarily and in fact determined by the decree entered, in that event, the question has become *judicata*, and could not be raised collaterally, by an objection to the confirmation of sale, because such right had been denied in the decree. But, if the decree purports

only to foreclose such right in general terms, when the question was not raised nor necessary to a proper determination of the controversy, then, we are not without authority for treating such part of the decree as being mere surplusage and as ineffective for the purpose of cutting out such right of redemption.

"The right of redemption," say the supreme court of Illinois, "given by the statute to a decree or judgment debtor is not affected by a failure of the court to provide in its decree for the sale of real estate, with the privilege of redemption. It is the statute that gives the right of redemption, and not the decree of the court. In a case where the statute authorizes a redemption from a sale, a clause in the decree ordering the sale that declares the sale shall be absolute, will not bar that right. That portion of the decree will be regarded as inoperative, and a redemption will be allowed as in other cases." *Fitch v. Wetherbee,* 110 Ill. 475, 492.

And to the same effect is *Hyman v. Bogue,* 135 Ill. 9. In support of the doctrine, the court in the latter case cites *Brine v. Hartford Fire Ins. Co., supra; Orvis v. Powell,* 98 U. S. 176; *Swift v. Smith,* 102 U. S. 442; *Burley v. Flint,* 105 U. S. 247; *Mason v. Northwestern Ins. Co.,* 106 U. S. 163. The conclusion we have reached insures to the tax debtor the right of redemption from tax sale contemplated by the constitution and the statutes, and which, of course, he is entitled to as a matter of right and justice, unless it is obvious that such right has been waived or lost by a failure to assert it seasonably, and in a proper manner; and, in this case, that question not having necessarily been determined by the decree directing a sale of the real estate for the satisfaction of the taxes due, there can, we think, be no valid reason for denying to the owner of the real estate the right to be heard on an objection to a confirmation of the sale made in pursuance of the decree which, if consummated, would devest him of all title, and deprive him of the right of redemption guaranteed him by the laws of the state. The order confirming the sale, and directing

the execution of a deed to the purchaser, should have been such as to preserve to the tax debtor his ·legal right of redemption from the tax sale within the time allowed him by law, and, because of its failure to so provide, the judgment of affirmance heretofore entered is vacated; the order of confirmation is reversed and the cause remanded, with directions to the trial court to enter an order confirming the sale, subject ·to the appellant's right of redemption within the time allowed by law, and to direct the execution and issuance of a deed by the sheriff conveying to the purchaser the premises sold, in the event such redemption is not had within the time provided.

REVERSED.