No. 14,675.

## The Harrisburg Car Manufacturing Company v. Sloan.

PARTIES.—*Contract.—Allegation of Non-Interest.*—Where a complaint upon a contract alleges that one whose name appears therein, but who did not sign the writing, has no interest in it, such person is not a necessary party.

SALE.—*Warranty.—Damages.—Tender.*—In an action for a breach of warranty it is not necessary to tender the thing bought back to the seller, but the buyer may retain it and sue for damages.

SAME.—*Trial by Jury.*—An action for damages for a breach of warranty is not of right triable by the court, and a jury may be called.

EVIDENCE.—*Letters between Parties.—Attorney may be Compelled to Produce.*—An attorney who has possession of a letter which passed between litigants may be compelled to produce it; and if it is relevant to the controversy, it is competent evidence.

SAME.—*Contract Concerning Different Transaction.*—A contract concerning a transaction different from the one involved in a pending action is not competent evidence.

From the Marion Circuit Court.

*D. Turpie, W. E. Niblack* and *H. D. Pierce,* for appellant.
*H. N. Spaan,* for appellee.

ELLIOTT, C. J.—The complaint sets forth a contract signed by the appellant and by William G. Sloan and Samuel C. Dawson. In the introductory part of the contract Jacob N. Buser is named, but the contract was not signed by him, and it is averred that he has no interest in it. As the contract was not executed by him, and as the complaint affirmatively shows that he has no interest in it, he was not a necessary party plaintiff.

The appellant's counsel are in error in assuming that the complaint seeks a rescission of the contract, for the theory of the pleading is that there was a breach of warranty with resulting damages. It is not necessary in an action for a

breach of warranty to tender the thing bought, back to the seller. In such a case the buyer may retain the property and maintain an action for damages. *Marsh* v. *Low*, 55 Ind. 271; *Hoover* v. *Sidener*, 98 Ind. 290. If the complaint sought a rescission of the contract, a very different question would be presented. *Fleetwood* v. *Dorsey Machine Co.*, 95 Ind. 491.

An action for damages for a breach of warranty is not of right triable by the court, and there was no error in calling a jury to try this cause.

An attorney who has possession of a letter written to a defendant by a plaintiff, may be compelled to produce it, and when produced it may be read in evidence.

Letters passing between litigants and relevant to the controversy are competent instruments of evidence.

A contract concerning a transaction different from the one involved in the pending action is not a competent instrument of evidence, and there was no error in excluding the written contract concerning a transaction different from the one out of which this controversy arose.

The judgment is affirmed, with costs.

Filed June 20, 1889; petition for a rehearing overruled Sept. 27, 1889.