## KLITZKE ET AL. *v.* SMITH.

[No. 6,678.  Filed May 12, 1910.]

1.  BILLS AND NOTES.—*Chattel Mortgages.—Contract to Dismiss Suit Upon.—Answer.*—In a suit by a mortgagee to enforce the payment of certain notes and a chattel mortgage securing them, an answer that a third person, subsequent to the bringing of the suit, had contracted with the mortgagee to pay to him a certain sum in consideration of the cancelation of the pending suit, and an additional sum for the discharge of the mortgage debt, which contract had been accepted by the mortgagors, and that such third person, in pursuance thereof, had purchased from the mortgagors their equity in the mortgaged property, and had offered to pay to the mortgagee the contract price, which was refused, and that he is still ready and willing to carry out such contract, states a complete defense.  pp. 27, 29.

2.  DISMISSAL.—*Cancelation.—Contracts.*—A contract for the cancelation of a suit imports a dismissal thereof.  p. 28.

3.  FRAUD.—*Contracts for Benefit of Third Persons.—Violation.*— The refusal by a party who contracts for the benefit of a third person, to carry out such contract, constitutes a fraud upon such third person.  p. 28.

4.  ESTOPPEL.—*Violation of Contract for Benefit of Third Person.— Action.—Dismissal.*—A mortgagee who files suit for foreclosure and who agrees with a third person to accept a certain sum in dismissal of the suit and an additional sum in discharge of the mortgage debt, such third person, in pursuance thereof, purchasing from the mortgagors their equity in the property, is estopped to proceed with his suit, where such third person offers to pay the agreed amounts.  p. 28.

5. CONTRACTS.—*Benefit of Third Persons.—Consideration.*—A contract for the benefit of third persons need not be supported by a consideration moving from such third persons. p. 28.
6. CONTRACTS.—*Dismissal of Suit.—Costs.*—A mere contract to dismiss a suit implies that the plaintiff will pay the costs up to the time of dismissal. p. 29.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Suit by William H. Smith against William C. Klitzke and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*J. H. Bibler,* for appellants.
*C. C. Campbell* and *Enoch Myers,* for appellee.

ROBY, J.—Appellee owned a milk station, including building and machinery, at Leiters Ford, which he sold on November 4, 1903, to Klitzke Brothers, a firm consisting of four persons, who in payment therefor executed four promissory notes aggregating $1,200, and secured by a chattel mortgage on the equipment purchased.

On February 17, 1904, Smith filed his complaint on said notes, and for the foreclosure of said mortgage. Summons was issued and served on three of the Klitzkes only.

1. On May 31, no action having been taken in the pending suit, Dowd entered into negotiations with the Klitzkes for the purchase of said station, and was informed by them that if he would arrange with Smith for the dismissal of the suit, take up the notes and satisfy the mortgage, they would transfer the plant to him for a specified sum. Dowd communicated these facts to Smith, and the following contract was thereupon made between them:

"Leiters Ford, Indiana, May 31, 1904. Received of J. W. Dowd, $75 in consideration of my canceling suit now pending against Klitzke Brothers, of Athens and Hammond, Indiana, said suit involving the plant and machinery located at Leiters Ford, Indiana, and I agree to accept $725 additional in consideration and full satisfaction for the amount of $1,100 due

from Klitzke Brothers, said amount to be paid inside of ten days, providing the suit is canceled and canceled notes are turned over to said J. W. Dowd.

J. W. Dowd.<br>W. H. Smith."

Dowd then exhibited this contract to the Klitzkes, who accepted it, and consummated the sale, and delivered possession to Dowd, who removed the property from Leiters Ford, leaving the notes unsatisfied and the mortgage undischarged. It is averred that Dowd, so far as Smith would permit him, performed the conditions of the contract on his part; and that the Klitzkes have performed all the conditions thereof on their part.

These facts are set up by answer to an amended complaint filed by Smith in December, 1904, in which allegations for the foreclosure of the mortgage were omitted. A demurrer to this answer for want of facts was sustained.

We are of the opinion that the demurrer should have been overruled. Smith represented by the written agreement with Dowd, for the purpose of enabling the latter to obtain title to the property, that the pending case would be canceled. This representation was, in effect, made to the Klitzkes. Dismissal is the equivalent of cancelation. The Klitzkes had a right to act on this representation, as it is shown that they did. If Smith were permitted to disregard it, he would commit a fraud, and this the courts will not allow. *Fifer* v. *Rachels* (1906), 37 Ind. App. 275; *Anderson* v. *Hubble* (1882), 93 Ind. 570, 47 Am. Rep. 394.

Estoppels are raised for the purpose of preventing fraud, and, under the facts pleaded, Smith was estopped from proceeding to judgment. The facts stated show a contract between Smith and Dowd for the benefit of the Klitzkes. It is not necessary to such a contract that the beneficiary pay any consideration. *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 102 Am. St. 223.

But, in reliance upon the contract, the Klitzkes have parted with value by the transfer of their property. They
1. claim under it and accept its terms. The first provision of the instrument is that the pending suit shall be dismissed. Appellee has been paid $75 to do this. The act is one which he only can do. He has not done it, and is therefore in default by its further terms. The notes are to be canceled and surrendered upon the payment of $725 within ten days.. It is averred that Dowd has complied with this provision, except as he has been prevented by Smith from so doing, and that he is ready and willing to pay said sum. This being true, Smith must abide by the agreement and accept the amount specified.

The answer was good as a bar to the further maintenance of the action. *Herod* v. *Snyder* (1878), 61 Ind. 453; *Farmers Bank* v. *Orr* (1900), 25 Ind. App. 71.

As pleaded, it constitutes a complete answer; the
6. contract to cancel the suit implying the payment by Smith of costs up to that time.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the paragraph of answer, and to permit the reforming of issues if desired, and for further proceedings.