OLD LINE BANKERS LIFE INSURANCE COMPANY, APPEL-
LANT, V. JOHN WITT ET AL., APPELLEES.

FILED JANUARY 16, 1913.   No. 17,495.

1. Depositions: SUBPŒNA DUCES TECUM: OPPOSITE PARTY. An officer
authorized by law to take depositions may, at the request of a
party to an action, proceed to take the deposition of the opposing
party, and to that end may issue a *subpœna duces tecum*, and
compel the attendance of such party or parties as witnesses.

2. ——: ——: ATTORNEY FOR OPPOSITE PARTY. An attorney having
the custody of documents and papers belonging to one of the
parties may be required to produce such documents and papers as
the opposing party to the action may be required to furnish as
evidence.

3. ——: INJUNCTION. In such a case a court of equity will not en-
join an officer or a party from taking such depositions, unless it
clearly appears that the officer is acting without jurisdiction, or
is exceeding his lawful authority.

4. Injunction: PETITION: SUFFICIENCY. In such a case a petition for
an injunction which fails to state facts tending to show that
the officer is exceeding his jurisdiction, and is requiring or is
about to require the production of evidence which is clearly
privileged, is demurrable.

5. Pleading: AMENDMENT: WAIVER. Where a demurrer to a petition
is sustained, and the plaintiff makes no request to amend, nor
tenders an amended petition, but takes time to prepare a bill of
exceptions, and procures an order of the court for a supersedeas
bond for the purpose of prosecuting an appeal, he will be held to
have waived his right of amendment, and the trial court may
properly dismiss his action.

APPEAL from the district court for Lancaster county:
P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Edward F. Pettis,* for appellant.

*Courtright & Sidner,* contra.

BARNES, J.

Appeal from a judgment of the district court for Lan-
caster county vacating a temporary restraining order and

dismissing plaintiff's petition for an injunction. This appeal was consolidated and has been submitted with *Witt v. Old Line Bankers Life Ins. Co.,* p. 763, *post.*

It appears that on January 12, 1912, the action last above mentioned was pending in the district court for Dodge county, wherein the plaintiff, Witt, sought to recover from the defendant, the Old Line Bankers Life Insurance Company, a certain advanced premium. It further appears that on January 15, 1912, one J. A. Brown, a notary public in and for Lancaster county, at the request of plaintiff in that action, issued a subpœna, the terms of which purported to command J. A. Harley, M. L. Blackburn, and E. F. Pettis, as witnesses in behalf of the plaintiff in the aforesaid action, to appear before him to testify, by deposition, as witnesses in the action pending in Dodge county, as aforesaid, and to bring with them certain documents and papers which the plaintiff sought to procure as evidence in that cause. It also appears that E. F. Pettis was the attorney of the Old Line Bankers Life Insurance Company, who was conducting its defense in the action above mentioned, and that the papers and documents described in the subpœna were in his possession as such attorney.

The plaintiff thereupon brought this action, setting forth in its petition the foregoing facts, together with a description of the papers and documents sought to be produced before the notary public, which are described as follows: "The application of the plaintiff above mentioned for a policy of insurance in the defendant; the medical examination made by O. C. Hopper, accompanying or relating to said application; all letters written by the plaintiff to the defendant or to any of its officers, agents, representatives or physicians from August, 1905, to July, 1906, inclusive; carbon or letter-press copies of all letters written by the defendant or any of its officers, agents, representatives or physicians to the plaintiff from August, 1905, to July, 1906, inclusive; carbon or letter-press copies of all letters written by the defendant to any

of its officers, agents, representatives or physicians to O. C. Hopper from August, 1905, to July, 1906, inclusive; and all letters written to defendant or any of its officers, agents, representatives or physicians by O. C. Hopper from August, 1905, to July, 1906, inclusive." Plaintiff prayed for an injunction restraining any of said witnesses, to wit, Harley, Blackburn, or Pettis, from producing any of the documents or papers mentioned in the subpœna, and that defendants be enjoined from asking the witness Pettis to answer as to any communication whatsoever between himself and his client, and for general equitable relief. Service was had upon the defendant Brown in Lancaster county, and a summons was sent to Dodge county and was there served on defendant Witt. The defendant Brown demurred to the plaintiff's petition, and the defendant Witt filed a special appearance objecting to the jurisdiction of the court over his person. Defendant Brown's demurrer to the petition was sustained, and it was held that the court had obtained no jurisdiction over defendant Witt. Thereupon the temporary restraining order was dissolved and the action was dismissed.

It is appellant's main contention that the district court erred in sustaining the demurrer to plaintiff's petition; and it is argued that a party to an action and a notary public may be enjoined from taking the deposition of an attorney or a party to an action where it is sought to require such attorney to give evidence and produce papers and documents which the opposing party deems necessary for the purpose of properly conducting his case, if it is alleged that the evidence and the production of the papers are privileged. We are of opinion that, where it clearly appears that the notary is proceeding illegally and in violation of his legal authority, such an injunction may be granted; but, as we view the plaintiff's petition in this case, it is entirely insufficient to warrant the relief prayed for.

It must be conceded that in this state the parties to a civil action are competent witnesses, and each may be

compelled to testify in favor of the adverse party the same as any witness; and it has been held that a notary public has power to commit a witness for contempt who refuses to give his deposition in a proper case. *Dogge v. State,* 21 Neb. 272. The rule is also well settled that an attorney may be required to produce papers which his client could be compelled to produce. *Harrisburg Car Mfg. Co. v. Sloan,* 120 Ind. 156; *Ex parte Maulsby,* 13 Md. 625; *Allen v. Hartford Life Ins. Co.,* 72 Conn. 693. In *Dogge v. State, supra,* it was said: "From an examination of the statute we are convinced that it was the intention of the legislature, in the enactment of the chapter on evidence, to remove every barrier to the discovery of truth, where the parties to the action have equal opportunity to testify. And, where necessary, either party may call the other to testify as to facts exclusively within his knowledge, provided the questions are not privileged."

In *In re Hammond,* 83 Neb. 636, it was held that a refusal to answer such improper questions as would constitute abuse of process is not a contempt, and may not be punished; and a witness is entitled to his privileges and his immunities, as well when a deposition is taken as when examined in open court. Therefore, if the evidence which was sought to be elicited from the defendant's attorney was in fact privileged, his rights could have been protected without the intervention of a court of equity. It is not seriously contended that an officer authorized to take depositions is not clothed with the power to require the production of papers and documents by a *subpœna duces tecum;* but such a proceeding is often unnecessary and may be improper in a case of this kind, for sections 393 to 395 of the code specifically provide for the production and inspection of papers and documents in the possession of an opposing party. Therefore, in view of the foregoing authorities, it may be stated that a court of equity will not restrain an officer from exercising his authority to take depositions, unless it is clearly shown that he is attempting to do so unlawfully.

We understand the contention to be that all documents and papers in the hands of an attorney belonging to his client are privileged, and therefore plaintiff was entitled to the writ of injunction restraining the defendant from requiring the production of the papers and documents described in the *subpœna duces tecum*. We are of opinion that this contention is too broadly stated, and cannot be sustained. It is true that by the plaintiff's petition it is alleged that the evidence of the witness Pettis was privileged, but this is merely a legal conclusion. It must be observed that the petition contains no direct allegation that the witness was or would be called upon or required to divulge any confidential matter which had been imparted to him as attorney for the defendant in the action in which the deposition was sought to be taken. It follows, therefore, that the plaintiff was not entitled to the extraordinary writ of injunction to prevent the taking of the testimony in question, and the demurrer to the plaintiff's petition was properly sustained.

It is further contended that, where a demurrer is sustained to a petition, the plaintiff has the right to file an amended pleading, and therefore the court erred in dismissing the action. It is a sufficient answer to this contention to say that the record fails to disclose any request by the plaintiff to amend his petition. Not only did counsel fail to make such a request, but, as a matter of fact, he stood upon his petition by excepting to the ruling, by obtaining time to settle his bill of exceptions, and by securing an order of the court fixing a supersedeas bond for the purpose of prosecuting his appeal. Therefore this contention is without merit.

Finally, it is argued that the district court erred in treating the special appearance of defendant Witt as a demurrer to the plaintiff's petition. If this was error, it was without prejudice to the plaintiff's rights. The demurrer of defendant Brown was properly sustained, and the action was rightly dismissed as to both of the defendants.

As we view the record, it contains no reversible error, and the judgment of the district court is

AFFIRMED.

FAWCETT, J.

I concur, but upon the ground that the application for relief should have been made in the court where the case in which the depositions were being taken was pending.