## KLITZKE ET AL. v. SMITH.

[No. 8,732.   Filed June 25, 1915.]

1. APPEAL.—*Review.*—*Refusal of Instructions.*—Where appellant concedes that an instruction given by the court was of the same tenor as one requested by appellant and refused, excepting as to a date set forth therein, and there was no material dispute as to the correctness of the date stated in the court's instruction, and the latter was neither erroneous nor otherwise complained of, there was no error in refusing the requested instruction. p. 464.

2. APPEAL.—*Refusal of Instructions.*—*Tender After Commencement of Argument.*—Error can not be predicated on the refusal to give an instruction which was not tendered until after the argument began.   p. 465.

3. APPEAL.—*Review.*—*Verdict.*—*Amount of Recovery.*—Reversal can not be predicated on the alleged excessiveness of the verdict, where appellant has neither pointed out in what manner the amount of recovery is too large, nor cited any authorities to sustain his point, and the facts and figures show that the amount of the finding was within the evidence heard by the jury.   p. 645.

From Fulton Circuit Court; *Smith N. Stevens*, Special Judge.

Action by William H. Smith against William C. Klitzke and others.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Holman, Stephenson & Bryant* and *J. H. Bibler,* for appellants.

*C. C. Campbell* and *Enoch Myers*, for appellee.

SHEA, C. J.—This is the second appeal in this case. *Klitzke* v. *Smith* (1910), 46 Ind. App. 26, 91 N. E. 748. The former appeal was decided adversely to appellee upon the ruling of the court in sustaining a demurrer to appellants' answer to the amended complaint.   Appellee brought this action against appellants to recover the amount of three promissory notes, dated November 4, 1903, aggregating $1,100, executed by appellants to him to cover balance due on the purchase price of a dairy plant at Leiters Ford,

Indiana. The amended complaint upon which the cause was tried was in three paragraphs each paragraph alleging that appellants are jointly and severally indebted to appellee in the sum evidenced by the respective notes.

Appellants answered in four paragraphs, the first a general denial. The second amended paragraph of answer admits the execution of the notes sued on, but avers that appellee ought not to maintain the action against them because the notes were given as part of the purchase price of a lease of lands, together with all buildings and appliances thereon constituting a dairy plant; that appellee failed to secure the written consent of the railroad company to transfer the lease of the lands and appellants refused to make further payments until it was transferred. It is also averred, in substance, that appellee on February 14, 1904, commenced this action on the note then due, and to foreclose the chattel mortgage securing it; that on May 31, 1904, one Doud offered to purchase said milk station of appellants who were then in possession and operating it; that appellants notified Doud of the pendency of this suit, the amount in controversy, and the trouble with appellee; that Doud was to see appellee and arrange with him for a dismissal of this suit, take up and cancel the notes and satisfy the chattel mortgage, and for a certain additional sum appellants would sell and transfer the lease, milk station and equipment to Doud; that Doud informed appellee he was about to purchase the property and wanted it free from encumbrance and litigation, whereupon appellee and Doud entered into the following written agreement:

"Leiters Ford, Indiana, May 31, 1904. Received of J. W. Doud seventy-five dollars in consideration of my cancelling suit now pending against Klitzke Brothers of Athens and Hammond, Indiana, the said suit and judgment involving the plant and machinery at Leiters, Indiana. I agree to accept seven hundred twenty-five dollars additional in consideration and in full satisfaction for amount of eleven hundred dollars due me from Klitzke

Brothers, said amount to be paid within ten days, providing suit is cancelled and cancelled notes turned over to said J. W. Doud. W. H. Smith, J. W. Doud.''

That immediately upon the execution of said contract, Doud presented it to appellants, and relying on the terms and conditions therein contained for their benefit, they sold, transferred and delivered the property to Doud, who has since been in possession thereof.

The third paragraph of appellants' answer avers that appellee should not maintain the action against them because prior to the filing of the amended complaint appellee's claim was fully paid and satisfied.

Appellants' fourth paragraph of answer avers that appellee is not the real party in interest; that since the commencement of this suit he has sold and transferred his interest in the notes to Doud, who is not a party to the suit; that appellants relying upon appellee's statements that he had sold and transferred said notes, and with appellee's knowledge and consent, have fully paid the notes to Doud by a sale and transfer of the milk station and equipment at Leiters Ford, Indiana; that said Doud should be made a party defendant.

An amended cross-complaint was also filed by appellants, setting up the contract and substantially the same facts contained in the second paragraph of answer, alleging in addition that appellants have performed all the conditions of the contract, and that Doud has performed all the conditions thereof so far as appellee would permit him to do so, and is ready and willing to carry out his part, praying that appellee be ordered to perform his part by dismissing this action and cancelling the notes. Appellee filed reply in general denial to the third and fourth paragraphs of answer, also a verified reply to the second amended paragraph of answer and appellants' cross-complaint averring that he did not execute the alleged contract as set out in said paragraph of answer and cross-complaint. A trial of the issues resulted in a judgment for appellee for $1,686.35. The only

error relied on for a reversal is the overruling of appellants' motion for a new trial.

The first question presented is the alleged error of the trial court in refusing to give instruction "A" tendered by appellant reading as follows: "If you find by a preponderance of the evidence that in May, 1904, plaintiff and defendants entered into the following contract viz: 'Received of J. W. Doud $75.00 in consideration of my cancelling the suit now pending against Klitzke Brothers, etc. * * *' And if you find by a preponderance of the evidence that the suit to be dismissed and the notes to be cancelled was this suit and the notes to be cancelled were the notes in suit in this action and that said $75 provided in said contract to be paid was paid by said Doud to said Smith and accepted and kept by said Smith and this suit was not dismissed by said Smith and that the defendants accepted the terms of said contract plaintiff can not recover in this action." It is stated by appellants' counsel that the court's instruction "A 5" to the giving of which appellant excepted was of the same tenor and effect as appellants' instruction "A" except as to date. Instruction "A 5" reads as follows: "If you find by a preponderance of the evidence that on May 31st, 1904, plaintiff and defendants entered into the following written contract viz: (here contract is set out) and if you find by a preponderance of the evidence that the suit to be dismissed and the notes to be cancelled was this suit and the notes to be cancelled were the notes in suit in this action and that said $75 provided in said contract to be paid was paid by said Doud to said Smith and accepted and kept by said Smith and this suit was not dismissed by said Smith and that the defendants accepted the terms of said contract plaintiff cannot recover in this action." In the instruction given by the court the date is stated as May 31, 1904. In view of these facts, if any error could be predicated on the refusal to give appellants' instruction "A", it was cured by giving instruction "A 5"

which appellants' counsel say was of the same tenor. However, said instruction was not erroneous, as there was no material dispute that the date fixed was the correct one, and the instruction is not otherwise complained of.

Instruction "D" requested by appellant and refused was not tendered until after the argument began, therefore no error can be predicated upon the refusal to give it.

2. *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256, 45 N. E. 325, 46 N. E. 462; *White* v. *Sun Pub. Co.* (1905), 164 Ind. 426, 73 N. E. 890.

It is properly presented in the motion for a new trial that the assessment of the recovery is erroneous, being too large. It is not clearly pointed out in what manner the

3. amount of recovery is too large, and no authorities are cited by appellants to sustain the point. An examination of the facts and figures convinces us that the amount of the finding is within the evidence heard by the jury. §585 Burns 1914, §559 R. S. 1881. There was evidence to sustain every material allegation of each paragraph of appellee's complaint. The verdict of the jury is not contrary to law. No reversible error is presented by this record. Judgment affirmed.

NOTE.—Reported in 109 N. E. 412. As to what are proper subjects for instructions to jury, see 72 Am. Dec. 538. See, also, under (1) 3 Cyc. 248; (2) 38 Cyc. 1698; (3) 8 C. J. 1383; 2 Cyc. 996, 997.