## OLD RELIABLE PAINT COMPANY v. STOREY.

[No. 11,843.   Filed June 24, 1924.   Rehearing denied November
7, 1924.   Transfer denied May 22, 1925.]

1.   WORK AND LABOR.—*Modifications of contract of employment
in minor particulars and settlements of disputes as to terms
thereof held not to break continuity of service.*—In an action
by an employee for the value of services rendered under a
verbal contract of employment for an indefinite time, evidence
showing modifications of the contract in minor particulars and
settlements of disputes with reference to the terms of the con-
tract, none of them affecting the basis of the compensation,
would not break the continuity of the employee's service.
p. 205.

2.   WORK AND LABOR.—*Employment for indefinite time does not
require employee. to serve for any specific term or year.*—One
employed under a contract indefinite as to the period of em-
ployment is under no obligation to complete a full year of
service.   p. 205.

3.   NEW TRIAL.—*New trial for excessive recovery not warranted
where any evidence to sustain amount awarded.*—A motion for
a new trial on the ground of excessive recovery is properly
overruled where there was evidence to sustain the amount of
recovery awarded.   p. 206.

4.   NEW TRIAL.—*Reasons for new trial not prescribed by code
not considered on appeal.*—Reasons for a new trial not pre-
scribed by the code will not be considered on appeal.   p. 206.

5.   NEW TRIAL.—*Amount of recovery on cross-complaint ques-
tioned by assignment of the same ground on the complaint.*—
Where the verdict awarded nothing to the defendant on his
cross-complaint, the failure of the jury to give defendant credit
for amounts to which he was entitled under the evidence sub-
mitted on his cross-complaint was properly questioned by a
motion for a new trial on the ground that the amount of
recovery on the complaint was too large.   p. 206.

6.   APPEAL.—*Sustaining objections to questions propounded on
cross-examination held harmless in view of other testimony of
witness.*—Refusal to permit certain questions to be propounded
to a witness on cross-examination was rendered harmless where
the witness answered other questions covering substantially
the same facts.   p. 207.

7.   APPEAL.—*Objections to questions propounded on cross-exam-
ination properly sustained when questions irrelevant or imma-
terial.*—Objections to certain questions propounded to a witness
on cross-examination were properly sustained when the ques-

tions called for facts that were wholly irrelevant or of such slight bearing on the issues involved as to be immaterial. p. 207.

8. WITNESSES.—*Extent of cross-examination of witness is in discretion of trial court.*—The extent of the cross-examination of a witness is largely in the discretion of the trial court. p. 207.

9. COMPROMISE AND SETTLEMENT.—*Parol testimony admissible notwithstanding letters showing payment of commissions for time involved.*—In an action for commissions on sales of goods, letters between the salesman and his employer reciting the enclosure of a check by the latter for the commissions for a certain year and the acknowledgment of the receipt of said check would not preclude testimony by the salesman that he never made any agreement compromising and settling all differences for that year. p. 207.

10. EVIDENCE.—*Evidence as to balancing of books kept by defendant irrelevant in action for commissions on sales of goods for defendant.*—In an action for commissions on sales of goods for a manufacturer and retailer of paint, proof that the stock of goods in defendant's stores and the books kept by it balanced absolutely was irrelevant and properly excluded. p. 208.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Action by James A. Storey against the Old Reliable Paint Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the first division.

*A. W. Fenstermacher* and *J. E. Fouts,* for appellant. *Andrew D. McKinley* and *Paul S. Brady,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover an alleged indebtedness for services performed. The complaint is in two paragraphs, each based on an express parol contract. The answer thereto consists of four paragraphs. The first relates to a letter made a part of the second paragraph, and is in the nature of a *non est factum.* The second is a general denial. The third alleges a compromise of the amount claimed by appellant to be due for the year 1917, and the conversion by appellee of property be-

longing to appellant of a value in excess of any amount due him for services subsequently rendered. The fourth is a plea of payment and satisfaction. Appellant also filed a fifth paragraph, which is in the nature of a counterclaim. A general denial was filed to all of said paragraphs except the second. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant, in support of its contention that the verdict is not sustained by sufficient evidence, asserts that the services for which appellee seeks to recover,

1. were rendered under three separate and distinct contracts, one being for each of the years 1917, 1918 and 1919, as disclosed by the evidence, and hence there can be no recovery, as the complaint is based on a single contract. We cannot concur in this contention. Each paragraph of the complaint is based on a single contract, as appellant claims, but covers services extending over a continuous period, beginning January 15, 1917, and ending September 15, 1919. The evidence is sufficient to sustain the facts alleged in that regard, as the settlement of disputes with reference to the terms of the contract, or any modification thereof, in minor particulars not affecting the basis of appellee's compensation, would not break the continuity of appellee's service thereunder.

It is also contended that appellee is not entitled to recover for his labor, as such, in making or attempting to make sales under his contract of employment,

2. as his compensation was on a commission basis, and hence the risk of the time employed and labor expended was his; and further that there could be no recovery for services rendered in 1919, because

appellee failed to remain in appellant's employment for that entire year. It suffices to say, in answer to the first contention stated, that appellee has not sought to recover for any labor performed or time expended which entered into an attempt to perform the services required of him under his commission contract; and, as to the latter contention, it may be said that the contract, being indefinite as to the term of service, did not place an obligation on appellee to complete the full year stated, under the circumstances which the evidence tends to establish.

Appellant contends that the amount of recovery assessed is too large. This cause for a new trial is only available when the amount of recovery assessed 3. is greater than is warranted by any evidence introduced. *Helms* v. *Appleton* (1908), 43 Ind. App. 482; *Klitzke* v. *Smith* (1915), 59 Ind. App. 461. The record discloses some evidence to sustain the amount of recovery assessed, as well as every other element essential to appellees' cause of action, which is sufficient on appeal.

Appellant has assigned as one of its reasons for a new trial, that the jury erred in the assessment of the amount of recovery on its counterclaim, the 4, 5. amount assessed thereon being too small, and has stated a proposition thereon in its brief. In view of the fact that there was no assessment of recovery in any amount in favor of appellant on its counterclaim, the reason for a new trial stated above is not a ground therefor, as we are not permitted to recognize any not specifically named in §610 Burns 1926, §585 Burns 1914, §559 R. S. 1881. *Over* v. *Dehne* (1905), 38 Ind. App. 427; *Colley* v. *Kelley* (1911), 52 Ind. App. 687; *Wilson* v. *Sentman* (1919), 74 Ind. App. 112. If appellant had in mind that the jury, in determining the amount of its verdict in favor of appellee, failed to give it proper

credit for the amounts to which it was properly entitled under the evidence submitted on his counterclaim, such question properly arises under the reason assigned, viz.: that the assessment of the amount of recovery on appellee's complaint is too large, which we have heretofore considered.

Complaint is made of the action of the court in sustaining the objections of appellee to eighteen questions propounded to him by appellant on cross-examination. An examination of the record discloses that in a number of instances, any error so committed was rendered harmless by the answers of the witness to other questions covering substantially the same facts. *Lillard* v. *State* (1898), 151 Ind. 322. Other questions called for facts which were wholly irrelevant, or had such slight bearing on the issues involved, as to render the action of the court justifiable, or at least harmless. The extent of the cross-examination of appellee rested necessarily in the discretion of the trial court, in a very large measure, and no abuse thereof is shown. Therefore a reversal on that ground would not be warranted. *Shields* v. *State* (1897), 149 Ind. 395; *Merchants Nat. Bank* v. *Nees* (1915), 62 Ind. App. 290. For the reasons stated, we conclude there is no reversible error shown in the rulings of the court on the cross-examination of appellee.

Appellant contends that the court erred in permitting appellee to testify that he never made any agreement fully compromising and settling all differences as to the latter's commission for the year, 1917.

In the trial court, it was urged as an objection to the admission of this evidence, in substance, that writings had been introduced showing a compromise and settlement, which are the best evidence of such fact, and binding upon the parties, in the absence of proof of fraud or mistake, given under a proper plea. We

assume that the writings to which appellant referred consists of a letter sent by it to appellee on February 18, 1918, which contains the following statement: "We are enclosing check for $71 which covers your commission for year 1917," and a letter sent by appellee to appellant's representative on February 19, 1918, which contains the following statement: "Yours of the 18th with check for my commission for last year received." These letters are the best evidence of their contents, but the circumstances under which they were sent and received were proper subjects of inquiry, in order to determine their true import, as their significance would depend in some measure on whether there had been a compromise agreement.    There is nothing in the issues or the evidence which would render parol proof of such circumstances incompetent, or require that it be preceded by evidence of fraud or mistake.    There was no error in the ruling challenged.

Appellant complains of the action of the court in refusing to permit it to prove that the stock in the various stores operated by it and the books kept in 10. regard thereto balanced absolutely.    Such proof would have been irrelevant to any issue involved on the trial, and the ruling of the court in excluding it was clearly right.

Appellant asserts that the verdict of the jury is contrary to law, but has failed to show any sufficient reason for sustaining its motion for a new trial on that ground.    No reversible error being presented by the record, the judgment is affirmed.