WHITACKER *v.* LOW, RECEIVER ET AL.

[Nos. 15,057 and 15,058. Filed October 14, 1935. Rehearing denied January 9, 1936. Transfer denied April 7, 1936.]

*Merl M. Wall* and *Earl B. Stroup,* for appellant.

*Louis A. Reidelbach, John M. Spangler,* Robert E. *Thompson* and *Harry W. McDowell,* for appellees.

WOOD, J.—August 16, 1933, on motion of appellant cause No. 15057 was consolidated with cause No. 15058 for the purpose of briefing, argument and decision.

Cause No. 15057 is an appeal from a judgment of the Pulaski Circuit Court disallowing a claim filed by appellant against the appellee in the receivership proceedings of State Bank of Francesville, Indiana.

The amended second paragraph of claim alleged that J. L. Beesley, as president of the bank, issued a certificate of deposit for the sum of $5,000 to appellant on March 1, 1923, payable one year after date with interest at six per cent per annum, which certificate was issued to her for the purpose of reimbursing her for funds which Beesley as administrator of the estate of her deceased husband Albert Whitacker had embezzled

therefrom, which said funds so embezzled by Beesley were received by the bank and applied by it in discharging personal obligations owing by Beesley to the bank; that all of said transactions were had wholly without the knowledge and consent of appellant, but with the knowledge, consent and connivance of the bank to its advantage. Appellant asked that her claim be allowed as a preferred claim.

To this amended second paragraph of claim the appellee filed eight paragraphs of answer. The first was upon the theory that the certificate of deposit was not the certificate of or issued by the bank in receivership, but was the certificate of and issued by another bank; the second paragraph pleaded *non-est-factum*; the third paragraph alleged that when Beesley committed the acts complained of in appellant's claim he was not acting as administrator of the estate of Albert Whitacker, deceased, but was the trustee or agent of the heirs of Albert Whitacker; the fourth paragraph alleged that when Beesley acted as administrator of the estate of Albert Whitacker, deceased, he acted as such in his individual capacity and not for and on behalf of State Bank of Francesville, as administrator of said estate; that said bank was not the administrator of said estate and never acted in that capacity; the fifth paragraph was a general denial; the sixth paragraph alleged want of consideration; the seventh paragraph alleged that no certificate for the sum of $5,000 ever appeared upon the records of the bank in the name of appellant; the eighth paragraph pleaded payment.

The appellant filed a reply in two paragraphs to the first, third, fourth, sixth, seventh, and eighth paragraphs of answer. The first paragraph was a general denial; the second paragraph alleged that State Bank of Francesville was the successor of The State Bank of Francesville, that as such successor it took over all

the property and assets of and assumed all the obligations and liabilities of its predecessor. The appellant also filed what is designated in the record as a third paragraph of reply to appellee's second paragraph of answer. This paragraph of reply was upon the theory of estoppel. Appellant's first paragraph of claim in this cause was dismissed.

In this cause appellee filed a cross-complaint against appellant, alleging that she was a stockholder in State Bank of Francesville, and seeking to enforce her liability thereon as such stockholder. Appellant filed an answer in general denial to this cross-complaint.

Cause No. 15058 is an appeal from a judgment of the Pulaski Circuit Court disallowing a claim filed by appellant against the appellee in the receivership proceedings of State Bank of Francesville, Indiana.

This claim alleged that J. S. Beesley, while acting as the administrator of the estate of Albert Whitacker, deceased, received into his possession as a part of the assets of said estate two certain promissory notes, each for the sum of $5,000; that the bank with full notice and actual knowledge of the capacity in which Beesley held said notes, permitted him to sell and discount the same to the bank and it received them into its possession; that the bank knowingly permitted Beesley to pay the proceeds received by him from the sale of said notes to it to be applied upon personal obligations owing by Beesley to the bank; that said notes were thereafter paid to the bank and it received the full benefit thereof; that the appellant was the beneficial owner of the proceeds of said notes; that the sale of the notes to the bank by Beesley was made without her knowledge and consent.

To this claim the appellee filed an answer in two paragraphs. In the first he alleged that State Bank of Francesville was not in existence at the time of the occurrence of the transaction complained of in appel-

lant's claim; that the bank of which he was receiver was not a party to said transaction and no liability attached to it because of the acts complained of. In the second he alleged that appellant and Beesley had a full and complete accounting and settlement between them on or about March 1, 1923; that in said settlement and as a part thereof Beesley executed and delivered to appellant his certain promissory note for the sum of $5,000, with certain persons as sureties thereon; that appellant accepted said note, and later recovered judgment thereon in the Pulaski Circuit Court against Beesley. Appellant filed a reply in general denial to both of these paragraphs of answer. She also filed a second paragraph of reply in which she alleged that State Bank of Francesville was liable for all of the obligations to The State Bank of Francesville as its successor.

The two causes were consolidated for trial and were tried to the court without the intervention of a jury upon the issues as above outlined, resulting in a finding and judgment against appellant on both of her claims and in favor of appellee on his cross-complaint.

Within proper time appellant filed a motion for a new trial in each of the cases, which motions were overruled. It may be noted that the correctness of the judgment upon the cross-complaint is not questioned by this appeal.

Appellant has appealed assigning as error for reversal in each case the overruling of her motion for a new trial. Each of these motions contains twenty-four causes for a new trial, alleged in the same language. We will discuss only such causes as are properly presented by the record and appellant's brief, for our consideration.

In her first specification as cause for a new trial appellant complained of the action of the trial court in

sustaining a motion to strike out of the deposition of appellant a portion of an answer made by her as a witness in her own behalf to a question propounded to her in the taking of said deposition. That portion of the answer not stricken out was a full and complete answer to the question, while the part stricken was a voluntary statement upon the part of the witness and not responsive to the question. But the record discloses that upon cross-examination of the witness, the subject matter and all the facts embraced within that portion of the answer stricken out were fully and comprehensively testified about, so appellant's rights were not prejudiced by this ruling of the court.

In her second specification as cause for a new trial appellant complains of the action of the trial court in sustaining a motion to strike out of the same deposition a question and answer thereto, relating to the receipt by appellant of interest on certain notes for $13,000.00. One of the grounds of the motion was, that the question assumed that $13,000 was due appellant on the notes in question, when as a fact there was no evidence on which to predicate such an assumption. The appellant has not referred us to any evidence in the record from which facts could be deduced supporting her contention.

In her fifth specification as cause for a new trial appellant complains of the action of the trial court in sustaining a motion to strike out of the same deposition an answer given by the appellant in response to a question propounded to her as a witness in her own behalf. This complaint is without merit. The record discloses that the trial court overruled appellee's motion to strike out this answer.

In her sixth specification as cause for a new trial appellant complains of the action of the trial court in sus-

taining a motion to strike out of the same deposition a question and answer relating to the payment of a certain $5,000 certificate of deposit alleged to have been issued to appellant by State Bank of Francesville previous to its insolvency. From an examination of the record it appears that the appellant filed a paragraph of claim for recovery of the amount represented by the certificate, which paragraph was later dismissed by appellant. Thus there was no issue before the court regarding the payment of this particular certificate of deposit, and any evidence pertaining thereto would at best be collateral, so this action of the court would not constitute reversible error.

In her seventh specification as cause for a new trial appellant complains of the action of the trial court in sustaining a motion to strike out of the same deposition a question and answer thereto, pertaining to any notice to appellant from State Bank of Francesville or any of its officials that the $5,000 certificate of deposit issued to her by J. L. Beesley, March 1, 1923, was issued without authorization or knowledge of the bank and that it would not be held liable for its payment, to which she answered "no." This certificate was the basis of the claim on which judgment disallowing it was rendered and from which the appeal is prosecuted in cause No. 15057. An examination of the record discloses that the facts sought to be elicited by this question and answer were covered by other evidence of similar tenor. The sustaining of the motion to strike out this question and answer was not reversible error.

In her ninth specification as cause for a new trial appellant complains of the ruling of the trial court in striking out the answer to a question propounded by her counsel to a witness on direct examination. From the record it appears that the ques-

tion to which the answer was given solicited information regarding a transaction outside of and foreign to the issues being tried by the court; that an objection to the question by the appellee was overruled, and that after the witness answered the question, on motion of appellee, the answer was stricken out. This was not reversible error. *The Harrisburg, etc., Co.* v. *Sloan* (1889), 120 Ind. 156, 21 N. E. 1088; *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 179 N. E. 6.

In specifications twelve and sixteen as causes for a new trial, appellant complains of the action of the trial court in refusing to permit witnesses to answer certain questions propounded to them by her counsel on cross-examination over the objection of appellee. Examination of the record shows that the information which the appellant evidently hoped to obtain from answers to these questions was ascertained, from the same or other witnesses by questions asked and answers made thereto. The scope of the cross-examination of witnesses is to a great extent necessarily reposed in the sound discretion of the court, and no abuse thereof is shown. A reversal of this cause on that ground would not be warranted. *Bolin* v. *State* (1923), 193 Ind. 302, 139 N. E. 659; *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 147 N. E. 771; *Savich* v. *State* (1928), 200 Ind. 417, 164 N. E. 273; *Old Reliable Paint Co.* v. *Storey* (1925), 83 Ind. App. 203, 144 N. E. 562.

In her thirteenth, fourteenth, seventeenth, and eighteenth specifications as causes for a new trial, appellant complains of the ruling of the trial court in refusing to permit witnesses to answer questions on cross-examination over the objection of appellee. It appears from the record that no exception was taken to these several rulings of the court so they present no question for our consideration.

By specifications nineteen, twenty, twenty-one, and

twenty-two, in her motion for a new trial appellant complains of the same alleged errors of the trial court presented by specifications one, two, five, six, and seven in said motion which we have already disposed of.

Finally in the twenty-third and twenty-fourth specifications as causes for a new trial, appellant says that the decision of court is not sustained by suffi- ▮ evidence and that it is contrary to law. They have been presented to the court by counsel for appellant with much earnestness, both in briefs and oral argument. The record in both of the cases under consideration is voluminous. One hundred and four written exhibits were admitted and read in evidence, and seventeen witnesses were called to testify and gave lengthy oral testimony. Nevertheless we have carefully examined much of this evidence. This examination reveals that much of the oral testimony was devoted to the explanation of the written exhibits and their application to the issues joined for trial before the court. Great latitude was extended to both of the parties in the introduction of both written and oral evidence. That the appellant's confidence was betrayed, and that she was made the victim of reprehensible and dishonest conduct cannot be doubted. But whether the bank of which appellee is now receiver was knowingly the author and perpetrator of the wrong or connived therein as alleged in the two claims filed by appellant in the receivership proceedings is quite another question. These two claims were predicated upon fraud. It was necessary in order to entitle appellant to recover that she prove all the material allegations of her claims by a fair preponderance of the evidence. On many of these allegations, which it was necessary for the appellant to prove, in order to entitle her to recover, in each of the cases, the evidence was conflicting. It follows, therefore, that in order to reverse these two cases because of the insufficiency of

the evidence to sustain the decision of the trial court, it would be incumbent upon this court to weigh the evidence. That we are not permitted to weigh conflicting evidence for the purpose of reversing a case is so well settled that the citation of authorities to sustain the proposition is unnecessary.

We conclude therefore that the decision of the court in each case was sustained by sufficient evidence and that it was not contrary to law.

The judgment is affirmed in both cause No. 15057 and No. 15058.